UVALDE ROCK ASPHALT COMPANY V. MRS. L. B. HIGHTOWER.

No. 7964. Decided December 2, 1942.
Rehearing overruled January 6, 1943.
(166 S. W., 2d Series, 681.)

*W. P. Dobbins* and *Kampmann & Burney*, all of San Antonio, for petitioners.

The Court of Civil Appeals erred in not rendering judgment for petitioner (Uvalde Rock Asphalt Company) because as a matter of law Mrs. Hightower and her children could not recover even if on a new trial it was pleaded and proven that the property was the separate property of the wife, since the debt was created for the purpose of making improvements to the property, which was homestead property. Williams v. Safety Casualty Co., 129 Texas 184, 102 S. W. (2d) 178; Emp. Ins. Assn. v. McGee, 75 S. W. (2d) 123; Butler v. Roberson, 11 Texas 142.

*E. B. Votaw,* of Beaumont, for respondents.

It was error for the Court of Civil Appeals to hold that Judge Hightower, without the knowledge and consent of his wife, had the right to execute the renewal and extension obligation deed of trust and promissory note, thereby renewing and extending the original obligation as against the homestead of himself and his wife and family. Sudduth v. DuBose, 93 S. W. 235; Johnson v. Steele, 87 S. W. (2d) 785; Cathey v. Weaver, 111 Texas 515, 242 S. W. 447; Wofford v. Unger, 55 Texas 480.

MR. JUDGE HICKMAN delivered the opinion of the Commission of Appeals, Section A.

In this suit Mrs. Dora Votaw Hightower, survivor in community of Judge L. B. Hightower, deceased, joined by the

children born to her and Judge Hightower, sought to remove a cloud from the title to the homestead occupied by Judge and Mrs. Hightower during his lifetime and still so occupied and used by her. More specifically the relief sought was the cancellation of a paving lien contract and a subsequent renewal contract and deed of trust executed by Judge Hightower alone without the knowledge, joinder or consent of Mrs. Hightower renewing and extending the original obligation. The theory upon which relief was sought was that the original obligation had become barred by the statute of limitation of four years, (Art. 5527), before this suit was filed, and that the deed of trust and renewal contract executed by Judge Hightower were void as against the homestead rights of Mrs. Hightower, because he had no authority to renew and extend the original obligation or execute the deed of trust lien securing same as extended. By cross action the defendant, Uvalde Rock Asphalt Company, declared upon the extended indebtedness and prayed for a foreclosure of its original lien and the deed of trust lien. In the trial court judgment was rendered in favor of the plaintiffs as prayed for in their petition and denying to the defendant any recovery on its cross action. The trial court's judgment was reversed and the cause remanded by the Court of Civil Appeals. 154 S. W. (2d) 940.

Under the view which we entertain of the controlling question it becomes unnecessary for us to consider the grounds upon which the Court of Civil Appeals ordered the case retried, and we shall, therefore, take no notice thereof in this opinion.

Both parties filed applications for writs of error and each was granted. Hence the case is before us for consideration upon the theories of each of the parties. We have concluded, however, that the pivotal point upon which the case should turn is that raised by assignment of error No. one in the application of Mrs. Hightower, et al, and our opinion will be limited to a discussion thereof. That assignment questions the authority of Judge Hightower, without the joinder, knowledge or consent of his wife, to execute the renewal and extension contract and deed of trust and thereby renew and extend the original obligation and lien as against the homestead rights of his wife. If he had no such authority and his contract and deed of trust were void as to the homestead, then Uvalde Rock Asphalt Company is reduced to a reliance upon the original contract and lien which were barred by limitation before the suit was filed.

Under our view of the controlling question it is immaterial whether the property was community or was the separate property of Mrs. Hightower, but in the light of the pleadings and a stipulation entered into by counsel and brought forward in the statement of facts, we conclude that, according to this record, the property was community, and was not the separate property of Mrs. Hightower. The property was the homestead of Judge and Mrs. Hightower long before the execution of the original contract and lien and continued to be their homestead until the death of Judge Hightower in 1932 and has continued to this day to be the homestead of his widow, Mrs. Dora Votaw Hightower. It is also made to appear in the record that two of the payments on the original obligation were more than four years past due at the time Judge Hightower executed the renewal contract and deed of trust and that the other payments were less than four years past due, and it is contended that, under the law as it then existed, the first two payments were then barred. We attach no significance to the facts last recited for, under our view, it is immaterial whether the obligation was barred either in whole or in part at that time.

The specific question for decision is this: Where the homestead right has completely vested and thereafter a mechanic's or materialman's lien for improvements is created on such homestead by the husband and wife jointly, as authorized by the constitution, may the husband alone without the knowledge and consent of the wife execute a valid contract of renewal and extension of such obligation and lien? At a former term this question was certified to us in this case, but we dismissed the certificate without considering it, 135 Texas 410, 144 S. W. (2d) 533.

Mrs. Hightower concedes that the husband alone may renew or extend a vendor's lien or any other incumbrance which existed prior to the complete investiture of the homestead rights, and that this would also be true as to a tax lien. Since the wife does not join in the creation of such liens in the first instance, she need not join in an extension or renewal thereof. White v. Shepperd, 16 Texas 163; Clements v. Lacy, 51 Texas 150; Cooper v. Hinman et ux, 235 S. W. 564. But that rule has not been extended to include a mechanic's or materialman's lien, which is created by the joinder of the husband and wife after the homestead rights have completely vested.

In the case of San Antonio Real Estate, Building & Loan Association v. Stewart, et ux, 65 S. W. 665 (error refused), the facts were not identical with those in the instant case, but did call for a decision in principle of the precise question here under review. In his opinion in that case Judge Fly entered into a full discussion of the question, citing many authorities in support of the conclusion there announced. We quote from that opinion: '

"* * * But it is argued that after the incumbrance of the mechanic's lien was placed upon the homestead, which was not shown to be her separate property, the husband had the power to renew the note and make any other arrangements necessary in connection with the debt; and decisions holding that the husband has the power and authority to adjust equities, and make any bona fide arrangements that he may deem proper in paying off incumbrances on the homestead, have been cited. It is well settled that the husband alone may in good faith adjust equities existing prior to the complete investiture of homestead rights, but in no case has it been held that he has such authority in regard to debts contracted after the homestead right has been perfected, and which have become a burden on the homestead through the necessary participation of the wife in the statutory mode. * * * We conclude that the husband has no power to renew a debt against the homestead, extend time of payment, or in any wise change the same, after the homestead right has been perfected; * * *."

The question was again presented in Sudduth v. DuBose, 93 S. W. 235 (no writ of error history) in which the facts were essentially the same as those in the case before us, and the rule announced in the case of Loan Association v. Stewart was again approved and applied. The opinion in that case drew an analogy from the field of the law of suretyship and held that the unauthorized renewal of the indebtedness and lien operated to release the wife's homestead, which was regarded as a surety. In that case, as in this, the wife was not personally obligated to pay the indebtedness secured by the lien, because it was not such an obligation as she was authorized to incur.

The rule announced in the cases above cited is also announced in Speers Law of Marital Rights, 3rd Edition, Sec. 481, p. 588. In Nunn's Texas Homestead and Other Exemptions the rule

is recognized as the law of this State, but is criticised. We quote from that work as follows:

"* * * It has been held, however, that if the lien be one that is placed upon the homestead after the homestead rights have attached to the property, as in the case of a lien for improvements thereon, then the wife must join in the instrument extending or adjusting such lien, in that, such lien is one that is attached to the homestead as distinguished from one as against which no homestead rights attach; but, to the writer, the distinction is not grounded in reason, in that, a lien for improvements, when properly executed, is superior to the homestead rights, and if foreclosed, will defeat the homestead rights, and that in this respect, there is no difference between it and a vendor's lien, or one placed on the property prior to its dedication to the homestead use."

Whether or not the rule is subject to the criticism leveled at it will not be considered here. It has been the established rule in this State for many years, recognized by textwriters and courts and should not now be changed by judicial decree.

We shall not separately discuss the authorities cited in the opinion of the Court of Civil Appeals. In our opinion no one of them presents the exact question here decided. In some of them the lien existed prior to the acquisition of the homestead. In others the wife joined in the renewal contract, the only irregularity being that her acknowledgment was not statutory. In none to which we have been referred has it been held that a husband alone without the joiner or consent of his wife may execute a valid renewal of a lien for improvements upon the homestead which was created after the complete investiture of the homestead rights.

It results from the foregoing that, in our opinion, the trial court entered a correct judgment. It is accordingly ordered that the judgment of the Court of Civil Appeals be reversed and that the judgment of the trial court affirmed.

Opinion adopted by the Supreme Court December 2, 1942.

Rehearing overruled January 6, 1943.