Dwight W. PHILLIPS, Jr. and Wife, Norma Phillips, Appellants,

v.

David G. ALLUMS, Appellee.

No. A14–93–01015–CV.

Court of Appeals of Texas, Houston (14th Dist.).

July 21, 1994.

Rehearing Denied Aug. 18, 1994.

Paul B. Rosen, Houston, for appellants.

Jeffrey Steidley, James F. Tyson, Houston, for appellee.

Before MURPHY, ELLIS and WILLIAM E. JUNELL,* JJ.

## OPINION

WILLIAM E. JUNELL, Justice (Retired).

Appellants, Dwight and Norma Phillips, sued their attorney David Allums, appellee, for legal malpractice arising out of an alleged wrongful foreclosure of property owned by Armando Arias and Luz Elena Araque. The trial court granted summary judgment for appellee and appellants raise two points of error. We affirm the judgment of the trial court.

In 1982, appellants sold land to Arias and Araque. Appellee drafted the note and deed of trust for the sale and served as trustee under the deed of trust at the request of appellants. In April of 1989, appellants discovered that Arias and Araque had failed to pay taxes on the property. Appellee, as trustee, initiated foreclosure proceedings against Arias and Araque. On May 10, 1989, appellee prepared and sent to Arias and Araque a Notice of Acceleration of Maturity and Notice of Non–Judicial Foreclosure Sale. On May 19, 1989, Arias paid the past due taxes on the property. On June 6, 1989, appellee, on behalf of appellants, proceeded with the foreclosure. At the foreclosure, appellants purchased the property for an amount equal to the unpaid principal owed under the note.

Thereafter, Arias filed suit against appellants and appellee, alleging wrongful foreclosure. Appellants filed a motion for summary judgment, asking the court to render judgment denying Arias any recovery against appellants. Arias filed a cross-motion for summary judgment, asking the court to render summary judgment against appellants on all issues of liability for wrongful foreclosure of Arias's property and to set the case for trial on the issue of damages. The trial court granted summary judgment in favor of Arias. Prior to the signing of the order, appellants and Arias settled, and appellants filed a cross-action against appellee for legal malpractice. As part of the settlement, Arias would prosecute the cross-action against appellee and would receive fifty percent of all sums recovered. Over six months later, the trial judge signed an order of partial summary judgment in favor of Arias and an order severing appellants' cross-action against appellee from Arias's action. Subsequently, appellee moved for, and was granted, summary judgment against appellants. Appellants raise two points of error.

In their first point of error, appellants contend that the trial court erred in holding that the foreclosure conducted by appellee was proper as a matter of law. Appellants argue the foreclosure was improper because Arias and Araque did not receive notice of intention to accelerate. Appellants assert that the trial court, in finding for appellee, wrongfully applied the waiver provisions of the note to the default provisions of the deed of trust. Appellants argue that the waiver of notice of intent to accelerate in the note is only applicable to failure to pay sums due under the note and is inapplicable to the failure to pay taxes.

In Texas, notice that a debt has been accelerated is ineffective unless preceded by proper notice of intent to accelerate. *Jasper Federal Savings & Loan Assn. v. Reddell,* 730 S.W.2d 672, 674 (Tex.1987). However, a party may contractually waive

the notice requirements. *Ogden v. Gibraltar Savings Assn.,* 640 S.W.2d 232, 233 (Tex. 1982). Waivers of notice of acceleration and notice of intent to accelerate must be stated clearly and unequivocally. *Shumway v. Horizon Credit Corp.,* 801 S.W.2d 890, 893 (Tex. 1991). When a note and a deed of trust are executed contemporaneously for the same purpose in the course of a transaction, they are to be read together as though they are a single instrument. *Edwards v. Holleman,* 862 S.W.2d 580, 581 (Tex.1993); *Vista Developement v. Pacific Mut.,* 822 S.W.2d 305, 307 (Tex.App.—Houston [1st Dist.] 1992, writ denied).

■ The deed of trust clearly provides for acceleration of the debt upon a breach of a covenant without an opportunity to cure. In the deed of trust, Arias and Araque covenanted "to pay when due all taxes." They were in breach of the deed of trust by not paying taxes on the property. The deed of trust also provides "in the event of default in the payment of any installment . . . or of a breach of any of the covenants . . . [the] Beneficiary may elect . . . to declare the entire principal indebtedness hereby secured with all interest accrued thereon and all other sums hereby secured immediately due and payable." The "indebtedness" mentioned in the deed of trust can only refer to the note. Therefore, the deed of trust contemplates the acceleration of the note upon a breach of a covenant.

The note expressly provides that "[e]ach maker, surety, and endorser of this note expressly waives all notices, demands for payment, presentations for payment, notices of intention to accelerate the maturity, protest and notice of protest, as to this note and to each, every and all installments hereof." Appellants concede that this language is sufficient to waive the notice of intent to accelerate with regard to the note. Because we read the note and the deed of trust as one instrument and because the deed of trust provides for acceleration of the note upon a breach of a covenant, we find that Arias and Araque waived their right to receive notice of intent to accelerate. Appellants' first point of error is overruled.

In their second point of error, appellants contend that the doctrine of collateral estoppel precludes the trial court from redetermining whether the foreclosure was proper. In the original action, Arias filed for summary judgment against appellants. Prior to the signing of the order for summary judgment, appellants and Arias settled, providing Arias an interest in appellants' cross-action against appellee. The trial court granted a summary judgment only against appellants, and Arias dismissed his suit against appellee. Appellants argue that the issue of liability for the wrongful foreclosure was already determined by the trial court in the first action.

■ Collateral estoppel, or issue preclusion, prohibits relitigation of particular issues already resolved in a prior suit. *Barr v. Resolution Trust Corp.,* 837 S.W.2d 627, 628 (Tex.1992). In order to invoke the doctrine of collateral estoppel, a party must establish "(1) the facts sought to be litigated in the first action were fully and fairly litigated in the prior action; (2) those facts were essential to the judgment in the first action; and (3) the parties were cast as adversaries in the first action." *El Paso Natural Gas Co. v. Berryman,* 858 S.W.2d 362, 364 (Tex.1993). Although mutuality is no longer required between the parties, the party against whom collateral estoppel is asserted must have been a party or in privity with a party in the prior litigation. *Eagle Properties, Ltd. v. Scharbauer,* 807 S.W.2d 714, 721 (Tex.1990).

■ There is no generally prevailing definition of privity which can be automatically applied to all cases involving the doctrine of collateral estoppel, and the determination of who are privies requires careful examination of the circumstances of each case. *Benson v. Wanda Petroleum Co.,* 468 S.W.2d 361, 363 (Tex.1971). A privy is one who is so connected in law with a party to the judgment as to have such an identity of interests that the party to the judgment represented the same legal right. *Id.* However, privity is not established by the mere fact that persons may happen to be interested in the same question or in proving the same facts. *Id.* The party against whom collateral estoppel is asserted must have had a full and fair opportunity to litigate the issue in

the prior suit. *Scharbauer*, 807 S.W.2d at 721.

 Appellee did not have a full and fair opportunity to litigate the issue of wrongful foreclosure in the summary judgment action between Arias and appellants. Arias's cross-motion for summary judgment only asked the court to render summary judgment against appellants on issues of liability for the wrongful foreclosure of Arias's property and to set the case for trial on the issue of damages. The trial court granted summary judgment in favor of Arias only against appellants. Appellee was unable to respond to Arias's charges of wrongful foreclosure because Arias did not prosecute his motion for summary judgment against appellee. In addition, as a result of the settlement agreement, appellants lost their incentive to appeal the summary judgment granted against them. We, therefore, do not believe that appellee was so connected in law with appellants as to have such an identity of interests that appellants adequately represented appellee's legal rights in the prior suit. *See Benson*, 468 S.W.2d at 363.

Furthermore, even if the issue was considered to have been actually litigated and determined by a final judgment, relitigation of the issue is not necessarily precluded when a "Mary Carter" agreement is present. *Scurlock Oil Co. v. Smithwick*, 724 S.W.2d 1, 7 (Tex.1986). In a "Mary Carter" situation, "the plaintiff and a settling defendant inevitably gang up on the non-settling defendant and jointly point the finger of liability." *Id.* The Texas Supreme Court, since deciding *Smithwick*, has found such agreements to be void as violative of sound public policy. *Elbaor v. Smith*, 845 S.W.2d 240, 250 (Tex.1992). When a "Mary Carter" type agreement is present, the trial court has discretion in determining whether to allow the offensive use of collateral estoppel. *Id.* In exercising its discretion, the trial court should consider the fairness factors outlined by the United States Supreme Court in *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 331, 99 S.Ct. 645, 651–52, 58 L.Ed.2d 552 (1979). *Elbaor*, 845 S.W.2d at 250.

Applying the fairness factors in *Shore*, we cannot say that the trial court abused its discretion in denying appellants the use of collateral estoppel to establish their claim against appellee. Assuming, arguendo, that the elements of collateral estoppel have been met, offensive collateral estoppel should not be invoked if such application would be unfair. *Tankersley v. Durish*, 855 S.W.2d 241, 245 (Tex.App.—Austin 1993, writ denied). In *Smithwick*, the Texas Supreme court recognized the unfairness of allowing the offensive use of collateral estoppel when a "Mary Carter" agreement was present because of the procedural effects of a "Mary Carter" agreement on the quality of trial. *Smithwick*, 724 S.W.2d at 7. On the same day the trial court signed the summary judgment order, appellants and Arias settled, and Arias dismissed his claim against appellee. Because appellee was nonsuited by Arias, appellee was deprived of the opportunity to litigate the very issue that appellants and Arias are attempting to establish by collateral estoppel. Under these circumstances, we believe that it would be unfair to allow appellants to offensively use collateral estoppel to establish their claim against appellee. Appellants' second point of error is overruled.

The judgment of the trial court is affirmed.