Dona Stanley AYRE, Appellant,

v.

J.D. BUCKY ALLSHOUSE,
P.C., Appellee.

No. 14–95–00748–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

June 13, 1996.

Rehearing Overruled July 25, 1996.

Jerome J. Schiefelbein, La Jolla, CA, Gary F. DeShazo, Austin, for appellant.

Sam W. Cruse Jr., George William Shepard III, Houston, for appellee.

Before MURPHY, C.J., and AMIDEI and ANDERSON, JJ.

## OPINION

MURPHY, Chief Justice.

Appellant, Dona Stanley Ayre, appeals from a summary judgment granted in favor of appellee, J.D. Bucky Allshouse. Appellant brings one point of error, contending the trial court improperly granted summary judgment based on the doctrine of res judicata. We reverse and remand for a trial on the merits.

This is a legal malpractice suit. In August 1987, appellant filed a divorce action against her former husband, Terry Ayre ("Ayre"), who was a partner in a law firm. One month later, the trial court issued temporary orders, which granted appellant, in part, a percentage of fees earned by Arye's law firm. When Ayre allegedly failed to comply with the temporary orders, appellant hired appellee to represent her to (1) seek payment of the unpaid sums which Ayre owed under the temporary orders; (2) file a contempt action against Ayre for failure to make the required payments; and (3) join Ayre's law firm as a party to the divorce action. Appellee allegedly failed to bring a contempt action against Ayre and did not attempt to join Ayre's law firm as a party. Rather, appellee negotiated

a settlement agreement with Ayre, which appellant voluntarily approved in open court on December 1, 1989. This agreement specifically addressed a marital property division, including appellant's interest in Ayre's law firm.

However, before the trial court orally rendered its final divorce decree in open court on December 12, 1989, appellant allegedly requested appellee to withdraw her consent to the settlement agreement. *See S & A Restaurant Corp. v. Leal,* 892 S.W.2d 855, 857 (Tex.1995) (stating that a party may revoke its consent to a settlement agreement at any time before judgment is rendered on the agreement, which occurs when the trial court officially announces its decision in open court or by written memorandum filed with the clerk). Appellee failed to do so, and thus, appellant was bound by her consent. The trial court subsequently entered a final divorce decree, which incorporated the settlement agreement. Appellant then hired another attorney to file a motion for new trial, which exclusively argued that she did not consent to the settlement agreement. The trial court denied the motion. Appellant did not appeal the final divorce decree.

In 1991, appellant filed a post-divorce action against Ayre, his law firm, and Ayre's former law partner, Frederick Boss, seeking damages for fraud based on their alleged failure to disclose certain clients and cases during the original divorce action. This suit also contained legal malpractice claims against appellee for negligence, negligence per se, and breach of fiduciary duty. These claims alleged not only appellee's failure to withdraw appellant's consent to the settlement agreement, but also, other negligent acts which precluded appellant from receiving a "just and right" division of the marital estate. *See* Tex.Fam.Code Ann. § 3.63(a) (Vernon 1993). Appellee subsequently filed a motion for summary judgment, contending that appellant's claims against him were barred by res judicata. Specifically, appellee contended that appellant's malpractice claims were barred because they either (1) should have been brought during the new trial stage of the underlying divorce action; or (2) contained issues that were already litigated dur-

ing the hearing on appellant's motion for new trial. The trial court granted appellee a summary judgment without specifying the grounds for its ruling. This summary judgment was severed from the remaining action, making it a final judgment. Appellant then brought this appeal.

On appeal from a summary judgment, this Court must determine whether the proof establishes, as a matter of law, that no genuine issue of material fact exists. *Rodriguez v. Naylor Industries, Inc.,* 763 S.W.2d 411, 413 (Tex.1989). To decide whether a disputed material fact issue exists, we view the proof in favor of the non-movant and take the proof as true, resolving all doubts and indulging all reasonable inferences in her favor. *Nixon v. Mr. Property Management, Co.* 690 S.W.2d 546, 548 (Tex.1985). A defendant as a movant on a summary judgment must either (1) disprove at least one element of each of plaintiff's theories of recovery; or (2) plead and conclusively establish each element of an affirmative defense. *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 679 (Tex.1979).

In appellant's sole point of error, she contends the trial court improperly granted summary judgment based on res judicata. Because res judicata is an affirmative defense, appellee was required to conclusively establish all elements of that defense as a matter of law. *See id.; see also* Tex.R.Civ.P. 94 (stating that res judicata is an affirmative defense).

The general doctrine of res judicata consists of two principal categories: (1) res judicata or claim preclusion; and (2) collateral estoppel or issue preclusion. *Barr v. Resolution Trust Corp.,* 837 S.W.2d 627, 628 (Tex.1992). The doctrines of res judicata and collateral estoppel are not the same and may not be interchanged. *See Bonniwell v. Beech Aircraft Corp.,* 663 S.W.2d 816, 818 (Tex.1984). Res judicata precludes a second action by the parties or their privies on matters actually litigated and on *causes of action or claims* that arise out of the same subject matter and could have been litigated in the first suit. *See Getty Oil v. Insurance Co. of N. America,* 845 S.W.2d 794, 798 (Tex.1992), *cert. denied,* 510 U.S. 820, 114 S.Ct. 76, 126 L.Ed.2d 45 (1993) (citing *Barr,* 837 S.W.2d at

630) (emphasis added); *see also Blake v. Amoco Federal Credit Union,* 900 S.W.2d 108, 112 n. 2 (Tex.App.—Houston [14th Dist.] 1995, no writ) (stating that "[r]es judicata bars not only what was actually litigated but also claims that could have been litigated").

■ On the other hand, collateral estoppel prohibits relitigation of particular *issues* already resolved in a prior suit. *Barr,* 837 S.W.2d at 628; *Phillips v. Allums,* 882 S.W.2d 71, 74 (Tex.App.—Houston [14th Dist.] 1994, writ denied). To invoke the doctrine of collateral estoppel, a party must establish "(1) the facts sought to be litigated in the first action were fully and fairly litigated in the prior action; (2) those facts were essential to the judgment in the first action; and (3) the parties were cast as adversaries in the first action." *Phillips,* 882 S.W.2d at 74 (quoting *El Paso Natural Gas Co. v. Berryman,* 858 S.W.2d 362, 364 (Tex.1993)); *Carter v. Charles,* 853 S.W.2d 667, 672 (Tex. App.—Houston [14th Dist.] 1993, no writ). Moreover, although mutuality is no longer required between the parties, the party against whom collateral estoppel is asserted must have been a party or in privity with a party in the prior litigation. *Eagle Properties, Ltd. v. Scharbauer,* 807 S.W.2d 714, 721 (Tex.1990); *Phillips,* 882 S.W.2d at 74.

■ We further note there is no generally prevailing definition of privity which is automatically applied to all cases involving res judicata and collateral estoppel, and the determination of who are privies requires careful examination of the circumstances of each case. *Getty Oil,* 845 S.W.2d at 800; *Benson v. Wanda Petroleum Co.,* 468 S.W.2d 361, 363 (Tex.1971); *Phillips,* 882 S.W.2d at 74. A privy is one who is connected in law with a party to the judgment as to have such an identity of interests that the party to the judgment represented the same legal right. *Phillips,* 882 S.W.2d at 74. Those in privity with a party may include persons who exert control over the action, persons whose interests are represented by the party, or successors in interest to that party. *Getty Oil,* 845 S.W.2d at 800–01. However, privity is not established by the mere fact that persons may happen to be interested in the same

question or in proving the same facts. *Phillips,* 882 S.W.2d at 74.

Appellant's pleadings allege that appellee committed legal malpractice by (1) failing to timely inform the trial court that she withdrew her consent to the settlement agreement; and (2) improperly drafting the divorce decree and committing other negligent acts, which adversely affected her interest in the division of the marital estate. Appellee contends, however, that the issue of appellant's consent was barred by collateral estoppel because the trial court decided this issue when it denied appellant's motion for new trial. Appellee further argues that appellant's claims of negligent acts, which purportedly affected her interests in the marital estate, were barred by res judicata because they are claims which should have been brought in appellant's motion for new trial. We disagree.

■ Appellant is not collaterally estopped from asserting that appellee was negligent in failing to withdraw her consent because there is no evidence that appellee and appellant were adversaries. Appellee was not a party, nor a privy during the hearing on appellant's motion for new trial. There is no evidence in the record that appellee was present during the hearing, nor that evidence was presented on his behalf. Instead, the record reflects that appellee withdrew from representing appellant after the court entered the final divorce decree. Appellant subsequently hired another attorney to file her motion for new trial. The mere fact that appellant predicated her motion on appellee's alleged negligent conduct did not make appellee an *adversary* for collateral estoppel purposes.

■ Moreover, in the present case, appellant does not challenge the fact that she originally consented to the settlement agreement on December 1, 1989. Rather, she directs her complaint at appellee's negligent conduct, namely, his failure to withdraw her consent before the trial court orally announced the final divorce decree on December 12, 1989. *See Byrd v. Woodruff,* 891 S.W.2d 689, 699 (Tex.App.—Dallas 1994, writ dism'd by agr.) (stating that collateral estoppel did not apply where appellant did not challenge the fairness of the underlying set-

tlement agreements, but instead, alleged legal malpractice in the underlying lawsuits). Collateral estoppel requires that the issue decided in the first action be identical to the issue in the pending action. *Getty Oil*, 845 S.W.2d at 802. Therefore, even assuming the issue of appellant's consent was fully and fairly litigated during the hearing on her motion for new trial, appellant is not precluded now from asserting issues concerning appellee's legal representation.

 Appellee further contends that although appellant's other negligence claims were not asserted in her motion for new trial, these claims, nonetheless, were barred by res judicata because they could have been brought at that time. However, when an attorney is alleged to have committed malpractice during the representation of a matter in litigation, there is no injury to the client until the underlying suit becomes final, which generally occurs after the last appeal or when the appellate process terminates. *See Norwood v. Piro*, 887 S.W.2d 177, 180 (Tex.App.—Texarkana 1994, writ denied). The reasoning is that the viability of the malpractice cause of action depends upon the outcome of the initial litigation. *See Hughes v. Mahaney & Higgins*, 821 S.W.2d 154, 156 (Tex.1991); *see also Ponder v. Brice & Mankoff*, 889 S.W.2d 637, 642 (Tex.App.—Houston [14th Dist.] 1994, writ denied) (stating that viability of second cause of action depends on the outcome of first action).

 In the present case, because appellant did not appeal the underlying final divorce decree, her legal malpractice cause of action accrued when the trial court denied her motion for new trial. Accordingly, appellant's malpractice claims could not have been brought during the hearing on appellant's

motion, and therefore, res judicata is inapplicable. Moreover, as noted above, appellee was not a party or a privy to the underlying divorce action, which is an essential element of res judicata.[1] Appellant's sole point of error is sustained.

The judgment of the trial court is reversed and remanded for a trial on the merits.

---

1. Appellee relies on several cases, which he contends, support the proposition that attorneys who represent parties to a divorce action are treated as parties or privies, and thus, their clients must bring any malpractice claims during the underlying action to avoid res judicata. *See Roberts v. Roberts*, 144 Tex. 603, 192 S.W.2d 774, 778 (1946); *Soto v. Phillips*, 836 S.W.2d 266, 268–70 (Tex.App.—San Antonio 1992, writ denied); *Elliott v. Hamilton*, 767 S.W.2d 262, 263 (Tex. App.—Beaumont 1989, writ denied); *CLS Assoc., Ltd. v. A———— B————*, 762 S.W.2d 221, 224 (Tex.App.—Dallas 1988, no writ); *Gillis v. Wil-*

*bur*, 700 S.W.2d 734, 736 (Tex.App.—Dallas 1985, no writ); *Lemon v. Spann*, 633 S.W.2d 568, 570 (Tex.Civ.App.—Texarkana 1982, writ ref'd n.r.e.); *Mullinax, Wells, Mauzy & Collins v. Dawson*, 478 S.W.2d 121, 123 (Tex.Civ.App.—Dallas 1972, writ ref'd n.r.e.). Nonetheless, we find these cases to be inapposite because in each case, the barred claim was brought, or could have been brought, against an *opposing* party in the underlying action. Here, appellee seeks to bar claims that appellant brings against him for his actions as her lawyer in the original action.