**John M. GAUGHAN, Appellant,**

v.

**The SPIRES COUNCIL OF CO-OWNERS, Appellee.**

**No. 01–92–00755–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 10, 1993.

Steven C. Simmons, Houston, for appellant.

Frank, Elmore, Lievens, Van Fleet, & Chesney, L.L.P., William S. Chesney, III, Houston, for appellee.

Before OLIVER–PARROTT, C.J., and CONNOR and WILSON, JJ.

## OPINION

OLIVER–PARROTT, Chief Justice.

This is an appeal from a judgment awarded to the Spires Council of Co–Owners (The Spires) on claims arising from appellant's, John M. Gaughan's, failure to pay maintenance fees owing on three condominiums.

We affirm.

## BACKGROUND

The Spires is a Texas nonprofit corporation that was created in 1983, for the purposes of the maintenance, management, preservation, and control of the common areas of the Spires Condominium Regime (Regime). Each owner of a condominium in the Regime is required to pay to The Spires a maintenance assessment based on the square footage he or she owns. The Spires has the power to file suit against owners in the Regime who default in the payment of their maintenance fees, to recover the fees and interest, late charges, and attorney's fees. Additionally, the obligation to pay the maintenance assessments is the personal obligation of each owner during ownership regardless if the property is subsequently sold or lost through foreclosure.

Gaughan purchased three units in the Regime from Century Condominium Ltd. (Century) and Century was the developer and note holder. Gaughan did not make any mortgage or maintenance payments from December 1, 1986, through December 31, 1987. Century foreclosed and sued Gaughan for the deficiency. The case was ultimately settled. Gaughan claims it is the settlement that bars any recovery by The Spires for past due maintenance fees because of res judicata.

The primary issue before this Court is whether there is sufficient identity of parties between The Spires on the one hand, and Century and the mortgagor on the other, so that The Spires' claim would be barred by the res judicata effect of the previous litigation and settlement. We find that there is not.

## Res Judicata

Appellant contends that the trial court's judgment in favor of The Spires should be reversed and a take-nothing judgment should be rendered because the claim by The Spires is barred by the doctrine of res judicata.

Texas follows the "transactional" approach to res judicata. *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 631 (Tex.1992). Under this approach, "a subsequent suit will be barred if it arises out of the same subject matter of a previous suit and which through the exercise of diligence, could have been litigated in a prior suit." *Id.* In determining whether the actions arose out of a single transaction, weight should be given to such considerations as whether the facts are related in time, space, origin, or motivation and whether they form a convenient unit for trial. *Id.; Getty Oil v. Insurance Co. of N. America*, 845 S.W.2d 794, 799 (Tex.1992).

In *Barr*, both Barr and his partner executed a promissory note in the name of their partnership, and on that same day, both partners executed personal guarantees on the note. *Barr*, 837 S.W.2d at 628. When the partnership defaulted on the note, the bank filed suit against the partnership and Barr's partner and a separate suit against Barr as being personally liable on the note. *Id.* The suit against Barr resulted in a summary judgment for him, which the bank did not appeal. *Id.* Instead, the bank amended its pleadings in the suit against the partnership by adding Barr as a defendant. *Id.* Barr raised the res judicata defense.

In the previous suit brought against Barr, the bank alleged that he had executed the guarantee on the note the same day and as part of the "same transaction" as the promissory note. *Id.* at 631. Further, both suits sought the same amount of damages and required the same proof. *Id.* The court held that the execution of the partnership note and Barr's guarantee of it were sufficiently related in time, space and motivation, and that the parties considered it a single

transaction. *Id.* Therefore, the court barred the subsequent suit against Barr. *Id.*

Res judicata is not applicable to this case. The Spires was not a party to the previous litigation or the resulting settlement agreement. The subject matter of that litigation was Gaughan's default on the promissory note he executed in order to purchase the units from Century. The obligation of payments for the maintenance fees, though, arose after the purchase date and were to be made directly to The Spires, not to Century. A claim arising from a failure to pay maintenance fees on the one hand, and one arising from a failure to make payments on a promissory note on the other, are two totally different causes of action. Similarly, the parties who brought these respective claims against Gaughan are two completely different entities.

■ Appellant contends that res judicata applies nonetheless, because The Spires was "in privity" with the parties to the previous litigation. Under Texas law, a former judgment bars a second suit against all who were "in privity" with the parties to the first suit. *Getty Oil,* 845 S.W.2d at 800. Privity is not established by the mere fact that persons may happen to be interested in the same question or in proving the same state of facts. *Benson v. Wanda Petroleum Co.,* 468 S.W.2d 361, 363 (Tex.1971). Privity connotes those who are in the law so connected with a party to the judgment as to have such an identity of interest that the party to the judgment *represented the same legal right.* *U.S. Fire Ins. Co. v. Millard,* 847 S.W.2d 668, 674 (Tex.App.—Houston [1st Dist.] 1993, no writ).

The Spires is managed by a board of directors, who are elected by a majority of the condominium owners. The record is silent on their identity. There is no evidence in the record to suggest the association is a sham or alter ego of Century. None of the parties to the previous litigation *represented the same legal right* insofar as the unpaid maintenance fees owed The Spires. *Id.* Consequently, The Spires was not in privity with any of the parties to the previous litigation.

■ It is appellant's contention that since the obligation to pay maintenance fees was created in the purchase agreement, any claim by The Spires should have been brought in the previous litigation. We disagree. The default on the promissory note, which resulted in foreclosure, is not sufficiently related in time, space, or motivation to appellant's failure to pay the maintenance fees he owed The Spires. Also, the issues of the two claims against Gaughan are distinct and, as such, would *not form a convenient trial. See Barr,* 837 S.W.2d at 631; *Getty Oil,* 845 S.W.2d at 799.

Accordingly, we overrule appellant's point of error.

### Frivolous Appeals

■ The Spires contend that this appeal was taken for delay and without sufficient cause, and therefore request sanctions pursuant to rule 84 of the Texas Rules of Appellate Procedure in the form of an additional 10 percent of the amount in dispute as damages.

■ Although appellant has filed three motions for extension of time with this Court, such conduct does not, in and of itself, necessitate invoking rule 84 sanctions. It is also true that appellant's brief was struck once it was filed due to its failure to conform to briefing requirements, but appellant refiled and attempted to correct any deficiencies. Accordingly, sanctions are not in order.

We overrule appellee's cross-point.

The trial court's judgment is affirmed.