**Medina Evelina Littlejohn BROWN, Appellant,**

v.

**Samuel Mort ZIMMERMAN and Interfederal Capital, Inc., Appellees.**

**No. 05–04–00285–CV.**

Court of Appeals of Texas, Dallas.

April 20, 2005.

Irwin Lightstone, Law Office of Irwin Lightstone, P.C., Dallas for Appellant.

George S. Henry, Law Office of George S. Henry, Dallas, for Appellee.

Before Justices WRIGHT, FITZGERALD, and LANG–MIERS.

## OPINION

Opinion by Justice LANG–MIERS.

Medina Evelina Littlejohn Brown[1] is the ex-wife of Samuel Mort Zimmerman who is the founder and President of Interfederal Capital, Inc. She appeals the judgment rendered by the trial court on the jury verdict awarding Interfederal recovery against her on its claims for unjust enrichment and equitable subrogation. Littlejohn also appeals the trial court's

---

**1.** Since the first appeal in this case over two years ago, appellant changed names. For consistency, we refer to her as Littlejohn.

failure to award attorney's fees for her successful declaratory judgment action against Zimmerman. We affirm.

## BACKGROUND

This case is before us for the second time. It essentially began as a divorce case.[2] Prior to their marriage, Zimmerman helped Littlejohn borrow the money to buy a house at 4223 High Summit in Dallas, Texas (the High Summit property). Littlejohn borrowed $88,000.00 from the predecessors of Flagstar Bank, FSB, signing a note (the First Note) for that amount secured by a deed of trust on the High Summit property. Zimmerman arranged a $55,194.66 loan for her from Interfederal for the down payment on the High Summit property. She signed a second note for that amount secured by a deed of trust on the High Summit property in Interfederal's favor (the Second Note).

Less than a year later, Littlejohn expressed a desire to end the marriage and moved to Minnesota. In an effort to reconcile, Zimmerman agreed to have Interfederal purchase the First Note, to refinance Littlejohn's obligations under both the First Note and the Second Note, and to defer her repayment obligations so that Littlejohn would not have to make the monthly payments. On February 20, 1997, Interfederal purchased the First Note from Flagstar Bank. Zimmerman and Littlejohn signed an agreement referred to as the High Summit Agreement[3] agreeing that they would repay Interfederal from proceeds of policies insuring the lives of Zimmerman and Littlejohn. But the reconciliation did not last and Zimmerman sued Littlejohn for divorce in July 1997. A final decree of divorce was entered September 29, 1997.

As part of the property division, the divorce decree awarded the High Summit property to Littlejohn as her sole and separate property and declared null and void all agreements in the parties' premarital agreement and any amendments or modifications, which included the High Summit Agreement. Zimmerman, on behalf of Interfederal, forgave the $55,000 owed by Littlejohn to Interfederal under the Second Note, but the decree did not specifically address the $87,658.99 liability under the First Note.

After the divorce was final, Littlejohn attempted to sell the High Summit property and learned that Interfederal had placed a lien on the property. Littlejohn filed a declaratory judgment action against Zimmerman and Interfederal seeking to quiet title to the property. The trial court granted summary judgment declaring title to the High Summit property quieted in Littlejohn against Interfederal and dismissing Interfederal and Zimmerman's counterclaims for subrogation, breach of contract, fraud, and unjust enrichment. Zimmerman and Interfederal appealed.

We affirmed the summary judgment in favor of Littlejohn against Zimmerman to

2. The parties are familiar with the facts of this case, which we recited at length in our opinion on the first appeal. Rather than listing them again, we cite only the facts necessary to this appeal and refer the parties to our earlier opinion: *Zimmerman v. Littlejohn*, 2002 WL 2005514 (Tex.App.-Dallas 2002, no pet.) (not designated for publication).

3. The High Summit Agreement modified the parties' original prenuptial agreement. In the High Summit Agreement, the parties agreed that the proceeds of Zimmerman's life insurance policy would be used to repay the $142,000 (apparently a combination of the indebtedness on the First Note and the Second Note) to Interfederal if Zimmerman predeceased Littlejohn, and that the proceeds of Littlejohn's life insurance policy would be used to repay the $142,000 if Littlejohn predeceased Zimmerman.

quiet title to the High Summit property but remanded the issue of attorney's fees. We also affirmed the summary judgment in favor of Littlejohn dismissing Interfederal's counterclaims for breach of contract and fraud. We reversed the summary judgment in favor of Littlejohn dismissing Interfederal's counterclaims for unjust enrichment and equitable subrogation and remanded those issues to the trial court.

On remand, Littlejohn raised affirmative defenses of limitations and res judicata as a bar to Interfederal's counterclaims. The parties tried these claims to a jury, which found in favor of Interfederal against Littlejohn. At the conclusion of the trial, Littlejohn moved for instructed verdict on the issue of limitations which the trial court denied. Littlejohn then filed a motion for judgment *non obstante veredicto* (nov) reurging her limitations and res judicata defenses and requesting attorney's fees against Zimmerman in the declaratory judgment action. Without ruling on the motion for judgment nov, the trial court rendered judgment on the jury verdict for Interfederal and awarded Interfederal $229,042.22, plus attorney's fees and costs. Littlejohn filed a motion for new trial, reurging her defenses of limitations and res judicata and her request for attorney's fees against Zimmerman on her declaratory judgment claim. The trial court denied the motion.

Littlejohn raises three issues on appeal: (1) Interfederal's counterclaims of unjust enrichment and equitable subrogation are barred by the two-year statute of limitations, (2) Interfederal's counterclaims are barred by the doctrine of res judicata, and (3) the trial court failed to award her attorney's fees for her successful appeal of the declaratory judgment action against Zimmerman.

## LIMITATIONS

■ In her first issue, Littlejohn contends Interfederal's equitable subrogation and unjust enrichment counterclaims are barred by limitations. Littlejohn moved for instructed verdict and a new trial raising this issue. The trial court denied both motions but did not state the specific limitations provision on which it relied.

■ The doctrine of equitable subrogation allows a person, not acting voluntarily, who pays the debt owed by another to seek repayment of that debt by the person who in equity and good conscience should have paid it. *Matagorda County v. Texas Ass'n of Counties County Gov't Risk Mgmt. Pool,* 975 S.W.2d 782, 785 (Tex.App.-Corpus Christi 1998), *aff'd,* 52 S.W.3d 128 (Tex.2000). There is no specific statute of limitations for subrogation actions. Instead, these actions generally are subject to the same statute which would apply had the action been brought by the subrogee. *See Guillot v. Hix,* 838 S.W.2d 230, 233 (Tex.1992) (two-year statute of limitations applied to personal injury and death claims in a workers' compensation subrogation action); *Lusk v. Parmer,* 114 S.W.2d 677, 681 (Tex.Civ. App.-Amarillo 1938, writ dism'd) (right of subrogation not barred by the four-year statute of limitations because the suit involved real estate).

Littlejohn argues that Interfederal's claim is governed by the two-year statute of limitations for actions for the detention of personal property because the claim is that she retained the benefit of Interfederal's purchase of the First Note. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 16.003(a) (Vernon 2002).[4] She also argues that the claim is barred because Interfederal failed

---

**4.** The relevant portions of the statutes cited in this opinion were not changed in subsequent amendments. Accordingly, we cite the latest version of the statute.

to file its counterclaim within two years of purchasing the First Note from Flagstar Bank.

We disagree. The final judgment holds that Interfederal is the equitable owner of the First Note for $88,000, the beneficiary of the deed of trust securing the Note, that it has all rights as the holder and owner of the Notes, and as the beneficiary of the deed of trust. Because Interfederal's action was based on the claim the prior note and lien holder would have had, Interfederal's equitable subrogation claim is an action on a debt, not a claim for detention of personal property.

Section 16.004(a)(3) establishes a four-year limitations period for actions on a debt and has been construed to apply to debts whether or not in writing.[5] *See* Tex. Civ. Prac. & Rem.Code Ann. § 16.004(a)(3) (Vernon 2002). To the extent it is a suit for the recovery of real property under a real property lien, it is governed by the four-year statute of limitations. *See* Tex. Civ. Prac. & Rem.Code Ann. § 16.035(a) (Vernon 2002). Additionally, because Interfederal's counterclaim seeks equitable relief which is not covered specifically by another limitations provision, the trial court could have based its ruling on the four-year residual limitations period. *See* Tex. Civ. Prac. & Rem.Code Ann. § 16.051 (Vernon 2002). Interfederal's counterclaim was filed on May 7, 1999, well within four years of the payment to Flagstar Bank. As a result, Interfederal's counterclaim for equitable subrogation is not barred by limitations.

Because we conclude that Interfederal's claim for equitable subrogation is also not barred by res judicata, as discussed below,

and because the judgment does not distinguish between equitable subrogation and unjust enrichment as the basis for the recovery, we need not address the remaining subpart of Littlejohn's first issue which argues that Interfederal's counterclaim for unjust enrichment is barred by limitations. We decide Littlejohn's first issue against her.

## RES JUDICATA

In her second issue, Littlejohn contends that the doctrine of res judicata bars Interfederal's claims. Specifically, she argues that the divorce decree awarded her the High Summit property "as her sole and separate property, and the husband is divested of all right, title, interest and claim in and to that property." She contends that Interfederal was in privity with Zimmerman and was, by the decree's language, also divested of claims to the property including the claims made below. Interfederal responds that res judicata does not apply because Zimmerman and Interfederal were not in privity in the divorce action for purposes of the First Note and because the divorce action did not involve the First Note, which is the subject of this action.

■■■ Res judicata precludes relitigation of claims that have been finally adjudicated, or that arise out of the same subject matter and that could have been litigated in the prior action. *Amstadt v. United States Brass Corp.*, 919 S.W.2d 644, 652 (Tex.1996). The elements of res judicata are: (1) a prior final judgment on the merits by a court of competent jurisdiction, (2) identity of parties or those in privity with them, and (3) a second action

---

5. *See Williams v. Khalaf,* 802 S.W.2d 651, 656–57 (Tex.1990) (tracing the history of the limitations provisions for actions on debts in writing and debts not in writing and concluding all actions on debt are now governed by

the same provision, which is four years). In *Khalaf,* the court noted the predecessor of section 16.051, the residual limitations period, applies to equitable actions not governed by a specific limitations provision. *Id.* at 658.

based on the same claims as were raised or could have been raised in the first action. *Id.*

Res judicata is an affirmative defense. *See* TEX.R. CIV. P. 94. The party asserting an affirmative defense has the burden of pleading and proving its elements. *Williams v. Nat'l Mortgage Co.,* 903 S.W.2d 398, 401 (Tex.App.-Dallas 1995, writ denied). The failure to request a jury instruction on an affirmative defense results in waiver of that ground by the party relying on it unless the issue was conclusively established. TEX.R. CIV. P. 279; *see Abraxas Petroleum Corp. v. Hornburg,* 20 S.W.3d 741, 764 (Tex.App.-El Paso 2000, no pet.); *Neuhaus v. Kain,* 557 S.W.2d 125, 136 (Tex.Civ.App.-Corpus Christi 1977, writ ref'd n.r.e.); *Lyles v. T.E.I.A.,* 405 S.W.2d 725, 727 (Tex.Civ.App.-Waco 1966, writ ref'd n.r.e.); *Hill v. Heritage Resources, Inc.,* 964 S.W.2d 89, 138 (Tex. App.-El Paso 1997, pet. denied); *City of El Paso v. Kolster,* 931 S.W.2d 365, 367 (Tex. App.-El Paso 1996), *rev'd on other grounds by Kolster v. City of El Paso,* 972 S.W.2d 58 (Tex.1998).

In a jury trial, an issue that there was no evidence or that a matter was conclusively established by the evidence must be preserved for appeal by a motion for instructed verdict, a motion for judgment nov, an objection to the submission of the question to the jury, a motion to disregard the jury's answer to a vital fact question, or a motion for new trial. *Citizens Nat'l Bank v. Allen Rae Investments, Inc.,* 142 S.W.3d 459, 476 (Tex.App.-Fort Worth 2004, no pet. h.). Littlejohn did not submit the elements of res judicata to the jury,[6] did not move for instructed verdict but did move for judgment nov. Consequently, we construe Littlejohn's second issue as a complaint that the trial court erred in not granting her motion for judgment nov.[7]

We review the denial of a motion for judgment nov under a legal sufficiency standard. *Whitney Nat'l Bank v. Baker,* 122 S.W.3d 204, 207 (Tex.App.-Houston [1st Dist.] 2003, no pet.). When, as here, a party does not submit her affirmative defense to the jury, we review the record to determine whether the issue was disputed or whether the defense was conclusively established by the evidence. *Baker,* 122 S.W.3d at 207; *see T.O. Stanley Boot Co. v. Bank of El Paso,* 847 S.W.2d 218, 222–23 (Tex.1992) (holding that only disputed issues must be submitted to the jury). A motion for judgment nov should be granted when the moving party has established each element of her defense so conclusively that reasonable minds could not differ as to the truth of the controlling facts. *Baker,* 122 S.W.3d at 207; *Kolster,* 931 S.W.2d at 368; *see Watts v. St. Mary's Hall, Inc.,* 662 S.W.2d 55, 59 (Tex.App.-San Antonio 1983, writ ref'd n.r.e.).

For Littlejohn to obtain a reversal here, she has the burden to show that she so conclusively proved each element of her affirmative defense, res judicata, that there was no fact question to submit to the jury on any of its elements. The first element, finality of the judgment in the divorce action, is not contested. So, Littlejohn must show that the evidence conclusively established that Interfederal was a

---

**6.** Littlejohn requested, and received, a jury charge on whether Zimmerman was responsible for the conduct of Interfederal but did not request a charge on the elements of res judicata.

**7.** The trial court did not rule on the motion for judgment nov therefore the motion was overruled by operation of law. We treat that as if the motion had been denied. TEX.R.APP. P. 33.1(b).

party or was in privity with a party to the divorce action and that the divorce action and this action involve the same subject matter.

### 1. Was Interfederal in privity with Zimmerman?

█ It is undisputed that Interfederal was not a party to the divorce action. Generally a person is not bound by a judgment in a suit to which he was not a party. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 37.006(a) (Vernon 1997). However, res judicata applies when a party in the second action is in privity with a party to the first action. *Amstadt,* 919 S.W.2d at 652.

█ No prevailing definition of privity exists that automatically applies to all cases involving res judicata. *Ayre v. J.D. Bucky Allshouse, P.C.,* 942 S.W.2d 24, 27 (Tex.App.-Houston [14th Dist.] 1996, writ denied). Rather, the determination of who are privies requires careful examination of the circumstances of each case. *Id.* A person may be in privity with a party in at least three ways: (1) he can control the action even though not a party to it; (2) his interests can be represented by a party; or (3) he can be a successor in interest, deriving his claim through a party to the prior action. *Amstadt,* 919 S.W.2d at 653.

█ Privity connotes those who are in the law so connected with a party to the judgment as to have such an identity of interest that the party to the judgment represented the same legal right. *Gaughan v. Spires Council of Co–Owners,* 870 S.W.2d 552, 555 (Tex.App.-Houston [1st Dist.] 1993, no writ); *Amstadt,* 919 S.W.2d at 653. However, privity is not established by the mere fact that persons may happen to be interested in the same question or in proving the same facts. *Ayre,* 942 S.W.2d at 27.

#### a. Did Interfederal control the divorce action?

█ Littlejohn argues that Interfederal was in privity with Zimmerman in the divorce action because Interfederal "was an active participant in the property settlement and had a strong pecuniary interest in its outcome." In support, Littlejohn argues that in the divorce action, Interfederal, through Zimmerman, forgave her indebtedness on the Second Note and gave her a Cadillac owned by Interfederal. However, mere participation in a prior trial does not suffice to bar the participant on principles of res judicata, nor does knowledge of an ongoing trial. *Maxson v. Travis County Rent Account,* 21 S.W.3d 311, 316 (Tex.App.-Austin 1999, pet. dism'd by agr.). And a party's status as an officer of a corporation does not necessarily create privity with the corporation absent further evidence. *See Texas Capital Sec. Mgmt., Inc. v. Sandefer,* 80 S.W.3d 260, 266 (Tex. App.-Texarkana 2002, pet. struck).

Littlejohn does not cite us to any evidence in the record to support a finding that she conclusively established Interfederal controlled the divorce action. As a result, Littlejohn failed to satisfy her burden because her evidence that Interfederal participated in the divorce action falls short of conclusively establishing that Interfederal controlled that action.

#### b. Did Zimmerman represent Interfederal's interests?

█ Littlejohn also contends that the issue of privity was previously decided in our earlier opinion in this case. Specifically, Littlejohn points to the following language in that opinion:

> For purposes of *res judicata,* a nonparty may be bound by a judgment if it was in privity with a party. [citations omitted]. Privity extends to non-parties whose interests are represented by a

party to the action. [citations omitted]. There is no genuine issue of material fact that Interfederal was in privity with Zimmerman. In the Divorce Decree, Zimmerman explicitly represents that he has authority to act on behalf of Interfederal with respect to the Second Note. *Res judicata* prevents relitigation of Littlejohn's liability on the Second Note.

Littlejohn generally argues that this language supports a finding of privity between Interfederal and Zimmerman for purposes of the First Note. However, this Court's opinion only referred to the Second Note, not the First Note. In fact, the opinion specifically noted "the Divorce Decree makes no mention of the [First] Note."

Additionally, there is nothing in the record that shows Zimmerman represented in the divorce action that Interfederal authorized him to act or that he was acting on its behalf generally or specifically with regard to the First Note. And Zimmerman testified in this trial that no one had ever asked him to forgive any other debt related to Interfederal. Conversely, Littlejohn testified generally that she thought Zimmerman and Interfederal were "altogether. . . . They are one thing. He used Interfederal the same as he used his own money. . . . He used it like he chose to use it." But her testimony does not conclusively establish that Zimmerman represented Interfederal's interest in the First Note in the divorce action.[8]

The third way in which a person may be in privity with another party—being a successor in interest and deriving his claim through a party to the prior action—does not apply here so we need not review it. As a result, Littlejohn did not conclusively

establish that Interfederal was in privity with Zimmerman in the divorce action for purposes of the First Note.

### 2. Does this lawsuit involve the same subject matter as the divorce action?

 Littlejohn argues that Interfederal's claims are barred because this action involves the same subject matter as the divorce action. To determine whether the divorce action and this action involve the same basic subject matter, we focus on the factual basis of the complaints. *Amstadt*, 919 S.W.2d at 653. Res judicata does not bar a second suit based on a different cause of action. *Id.; see Ogletree v. Crates*, 363 S.W.2d 431, 435–36 (Tex. 1963).

In the previous appeal, this Court specifically noted that liability on the First Note was not addressed in the divorce decree. In fact, Littlejohn testified that the First Note was not addressed in the divorce decree because she thought Zimmerman had paid the Note in full and that the debt and lien were satisfied and released. On the other hand, Zimmerman testified the First Note was not addressed in the divorce decree because it was not part of his settlement agreement with Littlejohn. Regardless of the reason, the testimony from both Littlejohn and Zimmerman shows that neither party intended to address the First Note in the divorce decree.

Nevertheless, Littlejohn now argues that by awarding her "all right, title and interest" to the High Summit property that the divorce decree disposed of her liability on the First Note. She also contends the trial court's order declaring all premarital agreements and amendments

---

**8.** In fact, in answer to question number four, the jury found that Zimmerman was not responsible for the conduct of Interfederal.

null and void, including the High Summit Agreement, disposed of her liability on the First Note. We disagree.

The divorce decree ordered Littlejohn to pay all encumbrances, liens, "or other charges due or to become due on the real ... property awarded to the wife in this decree *unless express provision is made herein to the contrary.*" (emphasis added). This residuary liability clause is sufficient to encompass Littlejohn's liability under the First Note. *See Tharp v. Tharp,* 772 S.W.2d 467, 468 (Tex.App.-Dallas 1989, no writ) (residuary clause that awarded "the remainder of the marital estate" to the ex-husband was sufficient to encompass husband's retirement benefits which were not specifically mentioned in the divorce decree); *Buys v. Buys,* 924 S.W.2d 369, 372 (Tex.1996). And while the decree voided the High Summit Agreement in which Littlejohn and Zimmerman agreed that the First Note would be repaid from proceeds of their life insurance policies, it did not specifically release Littlejohn from repayment of the First Note altogether.

Additionally, whether Littlejohn's liability for the First Note is addressed in the divorce decree is a separate question from whether Interfederal's equitable interests in the First Note and Deed of Trust were addressed. The divorce decree does not address those equitable interests. We conclude the subject matter of this action is different from the subject matter of the divorce action. *See, e.g., Barr v. Resolution Trust Corp. ex rel. Sunbelt Fed. Sav.,* 837 S.W.2d 627, 629 n. 3 (Tex.1992) (citing *Moore v. Snowball,* 98 Tex. 16, 81 S.W. 5, 8–10 (1904)).

In summary, Littlejohn failed to show that each element of her affirmative defense of res judicata was conclusively established by the evidence such that she did not need to submit the issue to the jury. Accordingly, we conclude that the trial court did not err in denying her motion for judgment nov.

We decide Littlejohn's second issue against her.

### LITTLEJOHN'S ATTORNEY'S FEES

■ In her third issue, Littlejohn appeals the trial court's failure to award her attorney's fees as part of the judgment in her favor against Zimmerman which was affirmed on the first appeal. In the first appeal, the parties agreed the award of attorney's fees to Littlejohn on her declaratory judgment action should stand if she prevailed on appeal. We affirmed Littlejohn's declaratory judgment as to Zimmerman and reversed her declaratory judgment as to Interfederal but, because the attorney's fees award was not segregated, we remanded that issue to the trial court for determination of attorney's fees attributable to her claims against Zimmerman.

Littlejohn complains that on remand, the trial court failed to award her those attorney's fees. In her motion for new trial, Littlejohn argued "the stipulation of the parties regarding the amount of reasonable attorney's fees governs the remanded action against Zimmerman." However, the only stipulation the Court has found is one in which the parties agreed to an award of attorney's fees for the prevailing party in the trial. We have found nothing to show that the issue of attorney's fees in the declaratory judgment action against Zimmerman was raised on remand. Accordingly, we find this issue has not been preserved. *See* TEX.R.APP. P. 33.1(a).

### CONCLUSION

We conclude that Interfederal's equitable subrogation claim is not barred by the statute of limitations or by the doctrine of res judicata. Because the trial court en-

tered judgment on the jury verdict and assessed damages in a lump sum amount rather than segregated by claim, we need not reach the issue of whether Interfederal's unjust enrichment claim is barred. We conclude Littlejohn's request for attorney's fees in her declaratory judgment action against Zimmerman has not been preserved. Accordingly, we affirm the judgment of the trial court.