FRYMIRE ENGINEERING COMPANY, INC., by and Through Real Party in Interest, LIBERTY MUTUAL INSURANCE COMPANY, Appellant,

v.

JOMAR INTERNATIONAL, LTD. and Mixer S.R.L., Appellees.

No. 05–04–01717–CV.

Court of Appeals of Texas, Dallas.

May 30, 2006.

Rehearing Overruled July 12, 2006.

Stewart K. Smith, Law Offices of Robert E. Yates, Irving, TX, for Appellant.

Christopher P. Hansen, Idolina Garcia, Dwayne J. Hermes, Hermes Sargent Bates, L.L.P., Dallas, Douglas R. Hafer, Curnutt & Hafer, L.L.P., Attorneys At Law, Arlington, for Appellee.

Before Justices WRIGHT, O'NEILL, and FRANCIS.

## OPINION

Opinion By Justice FRANCIS.

Frymire Engineering, Inc., by and through the real party in interest, Liberty Mutual Insurance Company (Liberty, individually, or Frymire/Liberty when acting by and through Frymire), appeals the trial court's summary judgment in favor of Jomar International, Ltd. and Mixer, S.R.L. In a sole issue, Frymire/Liberty contends the trial court erred in granting summary judgment. We affirm.

Appellees each filed a motion for summary judgment in which they argued both traditional and no-evidence grounds for summary judgment on Frymire/Liberty's claims. We review de novo the trial court's determination to grant summary judgment to appellees. *Dickey v. Club Corp. of Am.*, 12 S.W.3d 172, 175 (Tex. App.-Dallas 2000, pet. denied). In reviewing the traditional motion for summary judgment, appellees must establish that no genuine issue of material fact exists and that they are entitled to judgment as a matter of law. *See* Tex.R. Civ. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex.1985); *Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex.2002). As defendants, appellees are entitled to summary judgment if they conclusively negated an essential element of each of Frymire/Liberty's causes of action. *See Grant*, 73 S.W.3d at 215. Appellees bear the burden of proof and all doubts about the existence of a genuine issue of material fact are resolved against them. *See Nixon*, 690 S.W.2d at 548–49. All evidence and any reasonable inferences must be viewed in the light most favorable to Frymire/Liberty. *Id.*

Appellees' no-evidence motion for summary judgment alleges that there is no evidence of an essential element of Frymire/Liberty's claims. *See* Tex.R. Civ. P. 166a(i); *Grant*, 73 S.W.3d at 215. The burden then shifts to Frymire/Liberty to present evidence raising a genuine issue of material fact. *See* Tex.R. Civ. P. 166a(i); *Grant*, 73 S.W.3d at 215. We examine the record in the light most favorable to Frymire/Liberty in order to determine whether Frymire/Liberty presented more than a scintilla of evidence to raise a genuine issue of material fact. *Wal–Mart Stores, Inc. v. Rodriguez*, 92 S.W.3d 502, 506 (Tex.2002). Because the trial court granted summary judgment without specifying the grounds on which it was based, Frymire/Liberty has the burden on appeal of showing that each summary judgment ground alleged by appellees is insufficient to support the trial court's judgment. *See Star–Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex.1995). We will affirm if any of appellees' grounds has merit. *See id.*

The evidence shows that on October 12, 2001, Frymire installed an "Add–A–Valve," manufactured by appellees, to repair a water line in the Renaissance Hotel. Shortly after the repair was completed, the water line ruptured at the site of the repair causing significant water damage to the hotel. Frymire's expert witnesses concluded that Frymire installed the Add–A–Valve according to appellees' instructions, but the product failed because it was defectively designed.

Frymire performed its repair as a subcontractor of Price Woods, Inc., a general

contractor hired to remodel a hotel meeting room. Frymire's contract with Price Woods obligated it to indemnify Price Woods and the hotel's owner, CTF Dallas Corporation d/b/a Renaissance Dallas Hotel (Renaissance), and to make right, at its sole expense, any damages caused by its employees and suppliers. To assure Frymire's performance of its indemnity obligation, the contract required Frymire to procure and maintain liability insurance.

To settle Frymire's liability arising from the accident, Frymire's insurer, Liberty, paid Renaissance the sum of $458,496. In turn, Renaissance executed a "Full and Final Release of All Claims." The release stated it was a:

> final release and discharge of, all actions, claims and demands whatsoever, that now exist, or may hereafter accrue, against Frymire Engineering, Inc. and Liberty Mutual Insurance Company and any other person, corporation, association or partnership charged with responsibility for property damage of the Undersigned, and the consequences flowing therefrom, as a result of an accident, casualty or event which occurred on or about the 12th day of October, 2001....

After settling with Renaissance, Frymire/Liberty sued appellees on theories of negligence, product liability, and breach of warranty to recover the amount paid to Renaissance. Appellees then filed their motions for summary judgment contending that Frymire/Liberty lacked standing to sue, that the suit was a disguised suit for contribution, and that there was no evidence that Frymire/Liberty suffered harm or causation. The trial court granted summary judgment without specifying its grounds.

In its sole issue, Frymire/Liberty contends the trial court erred in granting summary judgment because (1) it has standing under the doctrine of equitable subrogation; (2) its claim is not a claim for contribution; and (3) the record contains ample evidence of causation. Because it is dispositive of this appeal, we turn to Frymire/Liberty's standing to sue.

■■■ Standing is a prerequisite to the trial court's subject-matter jurisdiction. *See Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443–44 (Tex.1993). A person has standing if: (1) he has sustained, or is immediately in danger of sustaining, some direct injury as a result of the defendant's wrongful act; (2) he has a direct relationship between the alleged injury and the claim being adjudicated; (3) he has a personal stake in the controversy; (4) the challenged action has caused him some injury in fact, either economic, recreational, environmental, or otherwise; or (5) he is an appropriate party to assert the public's interest in the matter, as well as his own. *Nauslar v. Coors Brewing Co.*, 170 S.W.3d 242, 249 (Tex.App.-Dallas 2005, no pet.).

In response to requests for admissions, Frymire/Liberty admitted that the accident did not damage its property nor injure its employees. Frymire/Liberty, however, qualified its admissions by explaining that it:

> had a legal obligation to pay for the damage, even though it was not at fault in causing the damage, because of its contractual duties. Therefore, Frymire was not a mere volunteer who paid the damages, but had a legal obligation to pay for same and is entitled to the benefit of the doctrine of "equitable subrogation."

■■■ The doctrine of equitable subrogation allows one who involuntarily pays another's debt to seek repayment of that debt by the person who in equity and good conscience should have paid it. *Brown v. Zimmerman*, 160 S.W.3d 695, 700 (Tex.

App.-Dallas 2005, no pet.). Equitable subrogation prevents the unjust enrichment of the debtor. *First Nat. Bank of Kerrville v. O'Dell,* 856 S.W.2d 410, 415 (Tex.1993). Establishing an equitable subrogation claim requires the claimant to prove both that the benefited party was primarily liable on the debt and that the debt was paid involuntarily. *McBroome–Bennett Plumbing, Inc. v. Villa France, Inc.,* 515 S.W.2d 32, 36 (Tex.Civ.App.-Dallas 1974, writ ref'd n.r.e.); *Argonaut Ins. Co. v. Allstate Ins. Co.,* 869 S.W.2d 537, 542 (Tex.App.-Corpus Christi 1993, writ denied).

In this case, Frymire/Liberty contends that appellees were primarily liable on the debt because the summary judgment evidence shows the accident happened because of a design flaw. Frymire/Liberty contends it paid appellees' debt involuntarily because Frymire's contract with Price Woods imposed a duty upon Frymire to involuntarily pay for the damages.

The doctrine of equitable subrogation "may be invoked to prevent unjust enrichment when one person confers upon another a benefit that *is not required by legal duty or contract.*" *Smart v. Tower Land and Inv. Co.,* 597 S.W.2d 333, 337 (Tex.1980) (emphasis added). By entering into the contract with Price Woods, Frymire voluntarily agreed to pay for any damages caused by its employees or suppliers. Frymire/Liberty concedes in its brief that its contractual duty operated "not just in favor of Price Woods but also in favor of the owner of the Renaissance Hotel...." There is no evidence that Renaissance made any demand upon appellees to recover damages. When Frymire/Liberty paid Renaissance, it paid to satisfy its own contractual obligation rather than to satisfy appellees' hypothetical tort liability. Thus, Frymire/Liberty cannot show that appellees were primarily liable upon the debt it

paid. *See Argonaut,* 869 S.W.2d at 540. *See also Kerrville,* 856 S.W.2d at 415–16 (bank not entitled to equitable subrogation from debtor when it purchased notes and renewed liens for its own benefit). Appellees were not unjustly enriched by Frymire's performance of a contract to which appellees were not parties. We conclude that Frymire/Liberty does not have standing to sue appellees under the doctrine of equitable subrogation.

Because the trial court did not err in granting summary judgment on the ground Frymire/Liberty lacked standing to sue, we need not determine the propriety of summary judgment on the other grounds asserted by appellees. *See Star–Telegram,* 915 S.W.2d at 473. We overrule appellant's sole issue.

We affirm the trial court's judgment.