NUMBER 13-06-218-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 
 

CITY OF AUSTIN, Appellant,


v.
 


KENNETH A. ROBERSON, JR., Appellee.

 




On appeal from the 98th District Court of Travis County, Texas.


 




MEMORANDUM OPINION



Before Justices Garza, Benavides, and Vela


Memorandum Opinion by Justice Benavides



 This is the second appeal of a case that began in 1998 when appellee, Kenneth A.
Roberson, discovered, to his surprise, that a city-operated sanitary sewer line ran
underneath his residential property in Austin, Texas. In the first appeal of his lawsuit
against the City of Austin ("the City"), the Austin Court of Appeals found that Roberson was
permitted to bring his suit under the Uniform Declaratory Judgment Act ("DJA"), and it
remanded to allow the trial court to award discretionary attorney's fees under the act. The
City now appeals the award of attorney's fees, arguing that (1) the trial court abused its
discretion by awarding unsegregated attorney's fees to Roberson, and (2) the fees
awarded were inequitable and unjust under the DJA. In the alternative, the City argues
that Roberson improperly recovered both fees and condemnation damages, and the trial
court erred by not requiring an election of remedies. Finally, the City argues that the trial
court erred in ruling that it waived its objections to Roberson's proffered proof of attorney's
fees. We affirm the decision of the district court.

I. Background

 On May 29, 1998, upon discovering that structural damage to his property was
caused by the City's unrecorded sewer easement, Roberson filed multiple claims against
the City. The City asserted that it had an easement, but the easement was never filed in
the county's property records. Roberson sought a declaratory judgment that the municipal
sewer line was an invalid easement, and he sought an injunction against the City for
preventing him from moving the sewer line. He also filed various inverse condemnation
claims, bad-faith takings claims, and claims alleging violations of his rights under the
United States Constitution. Additionally, he sought attorney's fees. Roberson also filed
suit against the Jester Development Corporation, the developer of his residential
subdivision, and its president, Howard Buris. (1)

 The City filed a general denial and sought a declaration that it owned the sewer
easement. In the alternative, the City filed a counterclaim for condemnation, seeking to
acquire ownership of the sewer easement.

 Roberson's bad-faith taking and constitutional claims were dismissed by no-evidence summary judgment, and the remainder of his claims proceeded to jury trial. At
the trial, Roberson's counsel testified without objection on the issue of attorney's fees. He
claimed reasonable and necessary fees of $151,792.83, including legal services which
were allocated towards multiple claims but which were inextricably intertwined with the
declaratory judgment claim and thus could not be segregated. He also specified
$40,565.67 in fees which he recognized could not be recovered, either because they were
allocated to parties other than the City or to claims on which the recovery of fees was
explicitly disallowed. The City did not offer any evidence to contest this testimony.

 At the conclusion of the trial, the jury was asked the following in the charge: "What
is the reasonable fee for the necessary services of Kenneth Roberson's attorneys in this
case against the City of Austin for Declaratory Judgment, stated in dollars and cents?" The
City briefly challenged the phrasing of this question at the charge conference, arguing that
it did not require a segregation of fees. The City quickly abandoned the reservations,
however, after acknowledging that the phrasing, "against the City of Austin for Declaratory
Judgment" effectively segregated fees and limited the range of what the jury could award
to one claim and one party.

 The jury found that the City did not possess an easement, either express or implied. 
The jury awarded Roberson damages of $31,000 and attorney's fees of $111,227. 
Roberson then moved for judgment under his DJA claim. Under the DJA, he would have
been entitled to recover "reasonable and necessary attorney's fees as are equitable and
just." See Tex. Civ. Prac. & Rem. Code Ann. § 37.009 (Vernon Supp. 2007). The trial
judge, however, reasoned that suits to determine the existence of an easement must be
brought as trespass to try title suits, not as suits under the DJA. Therefore, on April 18,
2003, the trial court awarded the City title to the sewer easement and entered $31,000 in
damages for Roberson--but the trial court did not award attorney's fees to Roberson
reasoning that such an award would be impermissible in a trespass to try title suit. 
Roberson appealed.

 The Austin Court of Appeals reversed the trial court, finding that suits which
determine the validity of an easement may be brought under the DJA, and thus attorney's
fees may be recovered for these suits. Roberson v. City of Austin, 157 S.W.3d 130, 137
(Tex. App.-Austin 2005, pet. denied). Because the recovery of attorney's fees under the
DJA is left to the discretion of the trial court, the appeals court remanded to the trial court
for a determination of whether fees ought to be awarded, and if so, in what amount. See
Tex. Civ. Prac. & Rem. Code Ann. § 37.009 ("In any proceeding under this chapter, the
court may award costs and reasonable and necessary attorney's fees as are equitable and
just.").

 On remand, the trial court scheduled a hearing for December 13, 2005 to consider
(1) whether the jury's attorney's fees determination was reasonable and necessary, and
(2) whether the awarding of the fees was equitable and just. The City objected that
Roberson had recovered $31,000 in damages on his inverse condemnation claim, and
therefore, Roberson was not entitled to attorney's fees. The City argued that Roberson
was required to segregate his fees between his DJA and condemnation claims. If
Roberson believed that his multitude of claims were inextricably intertwined and therefore
exempt from the segregation requirement, then, the City argued, Roberson was obligated
to provide evidence of this. In response, Roberson provided attorney fee bills to the City
prior to the hearing. The City objected that these fee bills were untimely and, in any event,
conclusory. The trial court did not rule on this objection.

 At the hearing, the trial court considered only written submissions and the previous
trial testimony. No new testimony was presented, and Roberson did not present any
evidence that segregated the fees he sought from the City and the fees that were directed
towards work performed against the other two defendants in the case. Nor did Roberson
present evidence that segregated the fees by claim. Roberson also sought the recovery
of his original condemnation damages of $31,000, plus interest.

 The trial court awarded Roberson $31,000 and $136,227 in attorney's fees. In its
Judgment Pursuant to Mandate, the trial court stated that its decision was made "after
consideration of . . . City of Austin's objections." The City disputed the award arguing (1)
that Roberson failed to segregate the fees sought by claim and party, and therefore he did
not meet his burden of proof; and (2) even if Roberson was entitled to attorney's fees, it
was a violation of the election of remedies to permit Roberson to recover both the fees and
the condemnation damages. Pursuant to these arguments, the City moved for modification
of the judgment. The trial court denied the motion. The City now appeals. (2)

II. Standard of Review


 In this appeal, we review the trial court's award of attorney's fees in a Declaratory
Judgment Action. As the Austin Court of Appeals explained in the first appeal of this case,
"the award of attorney's fees under the DJA is a matter of discretion." Roberson, 157
S.W.3d at 137. "A prevailing party in a declaratory judgment action is not entitled to
attorney's fees simply as a matter of law; entitlement depends on what is equitable and just
and the trial judges' power is in that respect discretionary." Id. (quoting Unified Loans, Inc.
v. Pettijohn, 955 S.W.2d 649, 654 (Tex. App.-Austin 1997, no pet.).

 This case was remanded precisely because the Austin Court of Appeals recognized
that attorney's fees were most appropriately left to the discretion of the trial court. Id. We
recognize the same, and we therefore, apply an abuse of discretion standard to our review
of attorney's fees awarded to Roberson by the trial court. See id. This means that we
may not merely re-consider the facts and substitute our judgment for the judgment of the
trial court. See Walker v. Packer, 827 S.W.2d 833, 839 (Tex. 1992).

III. Analysis of the Attorney's Fees Awarded to Roberson


 On appeal, the City presents four arguments. The City's first two arguments are that
(1) the trial court abused its discretion by awarding unsegregated attorney's fees to
Roberson, and (2) the fees awarded were inequitable and unjust under the DJA. In the
alternative, the City argues that Roberson may not recover both fees and condemnation
damages, and therefore, the trial court erred in refusing to modify the judgment to reflect
the election of remedies. Finally, the City argues that the trial court erred in ruling that the
City waived its objections to Roberson's proffered proof of attorney's fees.

A. Award of Unsegregated Attorney's Fees

 A party seeking to recover attorney's fees bears the burden of proving (1) that the
fees were incurred while suing the party sought to be charged, and (2) that the underlying
claim permits the recovery of attorney's fees. Tony Gullo Motors v. Chapa, 212 S.W.3d
299, 311 (Tex. 2006); Stewart Title Guar. Co. v. Sterling, 822 S.W.2d 1, 10 (Tex. 1991). 
Generally, attorney's fees that are attributable to separate defendants and separate causes
of action must be segregated. Tony Gullo Motors, 212 S.W.3d at 311; Brown v.
Zimmerman, 160 S.W.3d 695, 705 (Tex. App.-Dallas 2005, no pet.) (explaining that when
there are multiple defendants, and a party has a claim for attorney's fees against only one,
the party must segregate attorney's fees related to claims against separate defendants);
Flagship Hotel, Ltd. v. City of Galveston, 117 S.W.3d 552, 566-67 (Tex. App.-Texarkana
2003, pet. denied).

 Exceptions to this rule are only recognized if the various claims are "inextricably
intertwined" such that the segregation of the fees would be impracticable. Tony Gullo
Motors, 212 S.W.2d at 312; see also Osborne v. Jauregui, Inc., No. 03-04-00813, 2007
Tex. App. LEXIS 7259, *15-16 (Tex. App.-Austin August 29, 2007, no pet.); Lara Energy,
Inc. v. Yuma Petroleum Co., No. 13-98-435-CV, 2000 Tex. App. LEXIS 3648, *3 (Tex.
App.-Corpus Christi May 25, 2000, pet. denied) (not designated for publication). As the
supreme court recently noted, however, this single phrase--"inextricably intertwined"--has
led to much confusion amongst the appellate courts: 

The courts of appeals have disagreed about what makes two claims
inextricably intertwined--some focusing on the underlying facts, others on
the elements that must be proved, and others on some combination of the
two. Some do not require testimony that claims are intertwined, while others
do. When faced with fraud and breach of contract claims like those here,
some have held the claims inextricably intertwined, and others just the
opposite.


Id. at 312 (citations omitted).

 This confusion frequently arises because, as a practical matter, when multiple
claims are involved, legal services rendered upon those claims cannot always be discretely
categorized. See generally Scott A. Brister, Proof of Attorney's Fees in Texas, 24 St.
Mary's L. J. 313 (1993). A service performed by the lawyer may be equally applicable to
two claims, one on which fees are recoverable and one for which fees are not recoverable. 
Tony Gullo Motors, 212 S.W.3d at 311. "Requests for standard disclosures, proof of
background facts, depositions of the primary actors, discovery motions and hearings, voir
dire of the jury, and a host of other services may be necessary whether a claim is filed
alone or with others." Id. at 313. Thus, the supreme court's "inextricably intertwined"
exception has "threatened to swallow the [segregation] rule." Id. at 311.

 In an attempt to ameliorate the confusion surrounding the "inextricably intertwined"
language, the supreme court adopted the following caveat:

[I]f any attorney's fees relate solely to a claim for which such fees are
unrecoverable, a claimant must segregate recoverable from unrecoverable
fees. Intertwined facts do not make tort fees recoverable; it is only when
discrete legal services advance both a recoverable and unrecoverable claim
that they are so intertwined that they need not be segregated.


Id. at 313-14. In other words, to the extent that "services would have been incurred on a
recoverable claim alone, they are not disallowed simply because they do double service." 
Id. at 313.

 In the instant case, the City argues that the trial court abused its discretion by failing
to require that Roberson segregate his claims with respect to differing defendants and
causes of action. See id. We disagree.

 At the original trial--before the remand--Roberson's counsel testified without
objection that he billed $40,565.67 in fees which were not related to the declaratory
judgment action and which were allocated to parties or causes of action for which the
recovery of attorney's fees was unavailable. Roberson's counsel stated that he did not
seek to recover these fees, but rather sought to recover $151,792.83 in fees which he
believed to be reasonable and necessary for his services rendered towards the declaratory
judgment claim. Roberson's counsel was forthright about certain legal services which were
allocated to other claims, but which were inextricably intertwined with the declaratory
judgment claim and could not be segregated. According to his testimony, these services
included the conduct of the trial, the preparation for the trial, examination of witnesses,
preparation of the motion in limine, and preparation and argument of the jury charge. The
City did not offer any evidence to contest this testimony.

 Furthermore, Roberson claims, and the City does not contest, that the City's only
challenge was made at the charge conference, when counsel for the City objected that the
jury question on attorney's fees did not provide for segregation of fees based on differing
claims and defendants. The City eventually acknowledged, however, that the language
of the question limited the jury's options to only awarding attorney's fees on the declaratory
judgment against the City. (3) Subsequently, the City withdrew its objections to the charge
question.

 On remand, more evidence was adduced that certain fees were inextricably
intertwined in the form of bills submitted by Roberson's counsel. After considering this
evidence, the trial court awarded $136,227 in fees to Roberson. In its findings of fact and
conclusions of law, the trial court explicitly acknowledged that it considered the trial
testimony from Roberson's counsel when making its decision. (4)

 The City now argues that the fees are not inextricably intertwined but could have
been segregated and allocated to distinct claims and defendants. The City's arguments,
however, are insufficient to establish that the trial court's decision was an abuse of it's
discretion. The trial court appears to have had considerable evidence before it--in the
form of the testimony and the fee records--concerning the legal services for which fees
were charged and what they were allocated towards. Moreover, the trial court provided
findings of fact and conclusions of law explaining the factors which entered into its
reasoning. The City, therefore, has not demonstrated the trial court abused its discretion;
it is merely requesting that we re-hear the evidence, reach a different conclusion, and
substitute our judgment for the judgment of the trial court. This is not permitted under an
abuse of discretion standard of review. See Walker, 827 S.W.2d at 839. We conclude
that the trial court did not abuse its discretion in finding that certain fees were inextricably
intertwined, and we therefore overrule the City's first issue.

B. "Inequitable or Unjust" Fees

 The City next argues that even if it was not an abuse of discretion to award certain
unsegregated fees to Roberson, any award of any attorney's fees to Roberson is
inequitable and unjust because attorney's fees are not recoverable for an inverse
condemnation claim. We agree that attorney's fees are not available in an inverse
condemnation claim, but we believe this argument is a red herring. See City of Austin v.
Travis County Landfill Co., 25 S.W.3d 191, 206-07 (Tex. App.-Austin 2000), rev'd on other
grounds, 73 S.W.3d 234 (Tex. 2002). In this case, Roberson obtained a declaratory
judgment to invalidate the easement on his property. This judgment, which was appealed,
is separate and distinct from the condemnation award, which was not appealed. Attorney's
fees are available in a declaratory judgment suit, and therefore, it is not inequitable or
unjust for the trial court to have awarded the fees. See Tex. Civ. Prac. & Rem. Code Ann.
§ 37.009. 

 Under the language of the DJA, an award of attorney's fees to the prevailing party
is not required. Id. ("the court may award costs and reasonable and necessary attorney's
fees as are equitable and just") (emphasis added). The supreme court has interpreted this
language to mean that the decision to award attorney's fees is within the discretion of the
district court. Bocquet v. Herring, 972 S.W.2d 19, 20 (Tex. 1998) ("[The DJA] provides that
the court 'may' award attorney fees. The statute thus affords the trial court a measure of
discretion in deciding whether to award attorney fees or not.). The court abuses its
discretion if it awards fees which are inequitable or unjust. Id. at 21 (explaining that the
question of whether fees are equitable and just are matters left to the discretion of the trial
court, but whether the fees are reasonable and necessary are jury questions).

 "Therefore, in reviewing an attorney fee award under the [DJA], the court of appeals
must determine whether the trial court abused its discretion by awarding fees when there
was insufficient evidence that the fees were reasonable and necessary, or when the award
was inequitable or unjust." Id. Unreasonable fees must not be awarded, even if the trial
court believes the fees to be just. Id. Conversely, the trial court is permitted to deny
reasonable attorney's fees if it believes the fees to be unjust. Id.

 The City argues that the trial court's decision to award $136,227 in attorney's fees
to Roberson is inequitable and unjust, and therefore an abuse of discretion. Specifically,
the City argues that Roberson's underlying victory at the trial court is on the inverse
condemnation claim, and attorney's fees may not be recovered on an inverse
condemnation claim. See Travis County Landfill Co., 25 S.W.3d at 206-07. The issue in
this appeal, however, is the validity of the attorney's fees awarded by the trial court for the
declaratory judgment claim, not for the condemnation claim. The City does not argue that
the attorney's fees awarded pursuant to the DJA are inequitable or unjust. We therefore
overrule the City's second issue.

C. Election of Remedies


 The City next argues that there are two inconsistent final judgments in this
case--the judgment of April 18, 2003, which awarded damages on the grounds of
condemnation, and the "Judgment Pursuant to Mandate" of December 21, 2005, which
awarded attorney's fees under the DJA. The City argues that the judgments are
inconsistent and Roberson is obligated to select only one or the other. We disagree with
the City's analysis, and we believe that it misunderstands the nature of the judgments.

 In this case, Roberson has obtained a declaratory judgment--earned at the trial
court and affirmed by the Austin Court of Appeals--that the City did not possess a valid
sewer easement on his property. Additionally, he was awarded attorney's fees pursuant
to the DJA. The award of attorney's fees appears on a separate document--namely, the
"Judgment Pursuant to Mandate" of December 21, 2005--but it is still a part of the same
judgment awarded on April 18, 2003. These two documents are not inconsistent; rather,
they are resolutions of the same claim. The first document granted declaratory judgment;
the second document granted attorney's fees on that judgment. There is no inconsistency
here, and therefore Roberson was not required to make an election of remedies. We
overrule the City's third issue.

D. The City's Waiver of its Objections to Roberson's Proof of Attorney's Fees


 In its final argument, the City argues that it properly objected to Roberson's
introduction of fee records prior to the remand hearing as untimely and conclusory. The
trial court ruled that the City had waived these objections. We do not reach the issue,
however, because the fee records appear to have merely been cumulative of the testimony
provided by Roberson's counsel. Thus, even if the City is correct, and the fee records
were improperly admitted, the outcome of the hearing would not have been different. See
Tex. R. App. P. 44.1(a); see also Nissan Motor Co. v. Armstrong, 145 S.W.3d 131, 144
(Tex. 2004) (stating that erroneous admission of evidence is harmless if it is merely
cumulative).

 In the findings of fact and conclusions of law issued after the remand hearing, the
trial court explicitly stated that it considered the original trial testimony of Roberson's
counsel. Based on the findings of fact and conclusions of law, it appears that the trial court
focused upon the trial testimony, rather than the fee records, which, in any event, merely
restated the testimony already provided. Thus, to the extent that the records were
improperly admitted, the error was harmless. See Tex. R. App. P. 44.1(a); Nissan Motor
Co., 145 S.W.3d at 144.

III. Conclusion


 For the foregoing reasons, we overrule the City's four issues. The judgment of the
trial court is AFFIRMED. 


 _____________________________

 GINA M. BENAVIDES,

 Justice



Memorandum Opinion delivered and

filed this the 27th day of March, 2008.

1. Buris was later non-suited.
2. This case was transferred to the Thirteenth Court of Appeals pursuant to a docket equalization order
issued by the Supreme Court of Texas. Tex. Gov't Code Ann. § 73.001 (Vernon 1998).
3. As we have noted, the question read: "What is the reasonable fee for the necessary services of
Kenneth Roberson's attorneys in this case against the City of Austin for Declaratory Judgment, stated in
dollars and cents?" (emphasis added).
4. In the findings of fact, the Court stated: "Plaintiff's counsel testified at trial that the attorney fees for
the declaratory judgment claim were inextricably intertwined with the attorney fees for the condemnation
claims." In the conclusions of law, the Court stated:


1. The Plaintiff's attorney fees for the declaratory judgment claim are inextricably intertwined
with the attorney fees for the non-declaratory relief claims.


2. The Plaintiff's attorney fees for his claims against Defendant City of Austin and the other
Defendants in this matter are inextricably intertwined.