

**NUMBER 13-06-218-CV**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

---

CITY OF AUSTIN,                                                                         Appellant,

v.

KENNETH A. ROBERSON, JR.,                                                    Appellee.

---

**On appeal from the 98th District Court of Travis County, Texas.**

---

# MEMORANDUM OPINION

### Before Justices Garza, Benavides, and Vela
### Memorandum Opinion by Justice Benavides

This is the second appeal of a case that began in 1998 when appellee, Kenneth A. Roberson, discovered, to his surprise, that a city-operated sanitary sewer line ran underneath his residential property in Austin, Texas. In the first appeal of his lawsuit against the City of Austin ("the City"), the Austin Court of Appeals found that Roberson was permitted to bring his suit under the Uniform Declaratory Judgment Act ("DJA"), and it remanded to allow the trial court to award discretionary attorney's fees under the act. The

City now appeals the award of attorney's fees, arguing that (1) the trial court abused its discretion by awarding unsegregated attorney's fees to Roberson, and (2) the fees awarded were inequitable and unjust under the DJA. In the alternative, the City argues that Roberson improperly recovered both fees and condemnation damages, and the trial court erred by not requiring an election of remedies. Finally, the City argues that the trial court erred in ruling that it waived its objections to Roberson's proffered proof of attorney's fees. We affirm the decision of the district court.

## I. BACKGROUND

On May 29, 1998, upon discovering that structural damage to his property was caused by the City's unrecorded sewer easement, Roberson filed multiple claims against the City. The City asserted that it had an easement, but the easement was never filed in the county's property records. Roberson sought a declaratory judgment that the municipal sewer line was an invalid easement, and he sought an injunction against the City for preventing him from moving the sewer line. He also filed various inverse condemnation claims, bad-faith takings claims, and claims alleging violations of his rights under the United States Constitution. Additionally, he sought attorney's fees. Roberson also filed suit against the Jester Development Corporation, the developer of his residential subdivision, and its president, Howard Buris.[1]

The City filed a general denial and sought a declaration that it owned the sewer easement. In the alternative, the City filed a counterclaim for condemnation, seeking to acquire ownership of the sewer easement.

---

[1] Buris was later non-suited.

Roberson's bad-faith taking and constitutional claims were dismissed by no-evidence summary judgment, and the remainder of his claims proceeded to jury trial. At the trial, Roberson's counsel testified without objection on the issue of attorney's fees. He claimed reasonable and necessary fees of $151,792.83, including legal services which were allocated towards multiple claims but which were inextricably intertwined with the declaratory judgment claim and thus could not be segregated. He also specified $40,565.67 in fees which he recognized could not be recovered, either because they were allocated to parties other than the City or to claims on which the recovery of fees was explicitly disallowed. The City did not offer any evidence to contest this testimony.

At the conclusion of the trial, the jury was asked the following in the charge: "What is the reasonable fee for the necessary services of Kenneth Roberson's attorneys in this case against the City of Austin for Declaratory Judgment, stated in dollars and cents?" The City briefly challenged the phrasing of this question at the charge conference, arguing that it did not require a segregation of fees. The City quickly abandoned the reservations, however, after acknowledging that the phrasing, "against the City of Austin for Declaratory Judgment" effectively segregated fees and limited the range of what the jury could award to one claim and one party.

The jury found that the City did not possess an easement, either express or implied. The jury awarded Roberson damages of $31,000 and attorney's fees of $111,227. Roberson then moved for judgment under his DJA claim. Under the DJA, he would have been entitled to recover "reasonable and necessary attorney's fees as are equitable and just." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 37.009 (Vernon Supp. 2007). The trial judge, however, reasoned that suits to determine the existence of an easement must be

3

brought as trespass to try title suits, not as suits under the DJA. Therefore, on April 18, 2003, the trial court awarded the City title to the sewer easement and entered $31,000 in damages for Roberson—but the trial court did not award attorney's fees to Roberson reasoning that such an award would be impermissible in a trespass to try title suit. Roberson appealed.

The Austin Court of Appeals reversed the trial court, finding that suits which determine the validity of an easement may be brought under the DJA, and thus attorney's fees may be recovered for these suits. *Roberson v. City of Austin*, 157 S.W.3d 130, 137 (Tex. App.–Austin 2005, pet. denied). Because the recovery of attorney's fees under the DJA is left to the discretion of the trial court, the appeals court remanded to the trial court for a determination of whether fees ought to be awarded, and if so, in what amount. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 37.009 ("In any proceeding under this chapter, the court may award costs and reasonable and necessary attorney's fees as are equitable and just.").

On remand, the trial court scheduled a hearing for December 13, 2005 to consider (1) whether the jury's attorney's fees determination was reasonable and necessary, and (2) whether the awarding of the fees was equitable and just. The City objected that Roberson had recovered $31,000 in damages on his inverse condemnation claim, and therefore, Roberson was not entitled to attorney's fees. The City argued that Roberson was required to segregate his fees between his DJA and condemnation claims. If Roberson believed that his multitude of claims were inextricably intertwined and therefore exempt from the segregation requirement, then, the City argued, Roberson was obligated to provide evidence of this. In response, Roberson provided attorney fee bills to the City

4

prior to the hearing. The City objected that these fee bills were untimely and, in any event, conclusory. The trial court did not rule on this objection.

At the hearing, the trial court considered only written submissions and the previous trial testimony. No new testimony was presented, and Roberson did not present any evidence that segregated the fees he sought from the City and the fees that were directed towards work performed against the other two defendants in the case. Nor did Roberson present evidence that segregated the fees by claim. Roberson also sought the recovery of his original condemnation damages of $31,000, plus interest.

The trial court awarded Roberson $31,000 and $136,227 in attorney's fees. In its Judgment Pursuant to Mandate, the trial court stated that its decision was made "after consideration of . . . City of Austin's objections." The City disputed the award arguing (1) that Roberson failed to segregate the fees sought by claim and party, and therefore he did not meet his burden of proof; and (2) even if Roberson was entitled to attorney's fees, it was a violation of the election of remedies to permit Roberson to recover both the fees and the condemnation damages. Pursuant to these arguments, the City moved for modification of the judgment. The trial court denied the motion. The City now appeals.[2]

## II. STANDARD OF REVIEW

In this appeal, we review the trial court's award of attorney's fees in a Declaratory Judgment Action. As the Austin Court of Appeals explained in the first appeal of this case, "the award of attorney's fees under the DJA is a matter of discretion." *Roberson*, 157 S.W.3d at 137. "A prevailing party in a declaratory judgment action is not entitled to

---

[2] This case was transferred to the Thirteenth Court of Appeals pursuant to a docket equalization order issued by the Supreme Court of Texas. TEX. GOV'T CODE ANN. § 73.001 (Vernon 1998).

attorney's fees simply as a matter of law; entitlement depends on what is equitable and just and the trial judges' power is in that respect discretionary." *Id.* (quoting *Unified Loans, Inc. v. Pettijohn*, 955 S.W.2d 649, 654 (Tex. App.–Austin 1997, no pet.).

This case was remanded precisely because the Austin Court of Appeals recognized that attorney's fees were most appropriately left to the discretion of the trial court. *Id.* We recognize the same, and we therefore, apply an abuse of discretion standard to our review of attorney's fees awarded to Roberson by the trial court. *See id.* This means that we may not merely re-consider the facts and substitute our judgment for the judgment of the trial court. *See Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992).

### III. ANALYSIS OF THE ATTORNEY'S FEES AWARDED TO ROBERSON

On appeal, the City presents four arguments. The City's first two arguments are that (1) the trial court abused its discretion by awarding unsegregated attorney's fees to Roberson, and (2) the fees awarded were inequitable and unjust under the DJA. In the alternative, the City argues that Roberson may not recover both fees and condemnation damages, and therefore, the trial court erred in refusing to modify the judgment to reflect the election of remedies. Finally, the City argues that the trial court erred in ruling that the City waived its objections to Roberson's proffered proof of attorney's fees.

#### A. Award of Unsegregated Attorney's Fees

A party seeking to recover attorney's fees bears the burden of proving (1) that the fees were incurred while suing the party sought to be charged, and (2) that the underlying claim permits the recovery of attorney's fees. *Tony Gullo Motors v. Chapa*, 212 S.W.3d 299, 311 (Tex. 2006); *Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 10 (Tex. 1991).

6

Generally, attorney's fees that are attributable to separate defendants and separate causes of action must be segregated. *Tony Gullo Motors*, 212 S.W.3d at 311; *Brown v. Zimmerman*, 160 S.W.3d 695, 705 (Tex. App.–Dallas 2005, no pet.) (explaining that when there are multiple defendants, and a party has a claim for attorney's fees against only one, the party must segregate attorney's fees related to claims against separate defendants); *Flagship Hotel, Ltd. v. City of Galveston*, 117 S.W.3d 552, 566-67 (Tex. App.–Texarkana 2003, pet. denied).

Exceptions to this rule are only recognized if the various claims are "inextricably intertwined" such that the segregation of the fees would be impracticable. *Tony Gullo Motors*, 212 S.W.2d at 312; *see also Osborne v. Jauregui, Inc.*, No. 03-04-00813, 2007 Tex. App. LEXIS 7259, *15-16 (Tex. App.–Austin August 29, 2007, no pet.); *Lara Energy, Inc. v. Yuma Petroleum Co.*, No. 13-98-435-CV, 2000 Tex. App. LEXIS 3648, *3 (Tex. App.–Corpus Christi May 25, 2000, pet. denied) (not designated for publication). As the supreme court recently noted, however, this single phrase—"inextricably intertwined"—has led to much confusion amongst the appellate courts:

> The courts of appeals have disagreed about what makes two claims inextricably intertwined—some focusing on the underlying facts, others on the elements that must be proved, and others on some combination of the two. Some do not require testimony that claims are intertwined, while others do. When faced with fraud and breach of contract claims like those here, some have held the claims inextricably intertwined, and others just the opposite.

*Id.* at 312 (citations omitted).

This confusion frequently arises because, as a practical matter, when multiple claims are involved, legal services rendered upon those claims cannot always be discretely

7

categorized. *See generally* Scott A. Brister, *Proof of Attorney's Fees in Texas*, 24 ST. MARY'S L. J. 313 (1993). A service performed by the lawyer may be equally applicable to two claims, one on which fees are recoverable and one for which fees are not recoverable. *Tony Gullo Motors*, 212 S.W.3d at 311. "Requests for standard disclosures, proof of background facts, depositions of the primary actors, discovery motions and hearings, voir dire of the jury, and a host of other services may be necessary whether a claim is filed alone or with others." *Id.* at 313. Thus, the supreme court's "inextricably intertwined" exception has "threatened to swallow the [segregation] rule." *Id.* at 311.

In an attempt to ameliorate the confusion surrounding the "inextricably intertwined" language, the supreme court adopted the following caveat:

> [I]f any attorney's fees relate solely to a claim for which such fees are unrecoverable, a claimant must segregate recoverable from unrecoverable fees. Intertwined facts do not make tort fees recoverable; it is only when discrete legal services advance both a recoverable and unrecoverable claim that they are so intertwined that they need not be segregated.

*Id*. at 313-14. In other words, to the extent that "services would have been incurred on a recoverable claim alone, they are not disallowed simply because they do double service." *Id.* at 313.

In the instant case, the City argues that the trial court abused its discretion by failing to require that Roberson segregate his claims with respect to differing defendants and causes of action. *See id*. We disagree.

At the original trial—before the remand—Roberson's counsel testified without objection that he billed $40,565.67 in fees which were not related to the declaratory judgment action and which were allocated to parties or causes of action for which the

8

recovery of attorney's fees was unavailable. Roberson's counsel stated that he did not seek to recover these fees, but rather sought to recover $151,792.83 in fees which he believed to be reasonable and necessary for his services rendered towards the declaratory judgment claim. Roberson's counsel was forthright about certain legal services which were allocated to other claims, but which were inextricably intertwined with the declaratory judgment claim and could not be segregated. According to his testimony, these services included the conduct of the trial, the preparation for the trial, examination of witnesses, preparation of the motion in limine, and preparation and argument of the jury charge. The City did not offer any evidence to contest this testimony.

Furthermore, Roberson claims, and the City does not contest, that the City's only challenge was made at the charge conference, when counsel for the City objected that the jury question on attorney's fees did not provide for segregation of fees based on differing claims and defendants. The City eventually acknowledged, however, that the language of the question limited the jury's options to only awarding attorney's fees on the declaratory judgment against the City.[3] Subsequently, the City withdrew its objections to the charge question.

On remand, more evidence was adduced that certain fees were inextricably intertwined in the form of bills submitted by Roberson's counsel. After considering this evidence, the trial court awarded $136,227 in fees to Roberson. In its findings of fact and conclusions of law, the trial court explicitly acknowledged that it considered the trial

---

[3] As we have noted, the question read: "What is the reasonable fee for the necessary services of Kenneth Roberson's attorneys in this case against the *City of Austin for Declaratory Judgment*, stated in dollars and cents?" (emphasis added).

testimony from Roberson's counsel when making its decision.[4]

The City now argues that the fees are not inextricably intertwined but could have been segregated and allocated to distinct claims and defendants. The City's arguments, however, are insufficient to establish that the trial court's decision was an abuse of it's discretion. The trial court appears to have had considerable evidence before it—in the form of the testimony and the fee records—concerning the legal services for which fees were charged and what they were allocated towards. Moreover, the trial court provided findings of fact and conclusions of law explaining the factors which entered into its reasoning. The City, therefore, has not demonstrated the trial court abused its discretion; it is merely requesting that we re-hear the evidence, reach a different conclusion, and substitute our judgment for the judgment of the trial court. This is not permitted under an abuse of discretion standard of review. *See Walker,* 827 S.W.2d at 839. We conclude that the trial court did not abuse its discretion in finding that certain fees were inextricably intertwined, and we therefore overrule the City's first issue.

## B. "Inequitable or Unjust" Fees

The City next argues that even if it was not an abuse of discretion to award certain unsegregated fees to Roberson, any award of any attorney's fees to Roberson is inequitable and unjust because attorney's fees are not recoverable for an inverse

---

[4] In the findings of fact, the Court stated: "Plaintiff's counsel testified at trial that the attorney fees for the declaratory judgment claim were inextricably intertwined with the attorney fees for the condemnation claims." In the conclusions of law, the Court stated:

1. The Plaintiff's attorney fees for the declaratory judgment claim are inextricably intertwined with the attorney fees for the non-declaratory relief claims.

2. The Plaintiff's attorney fees for his claims against Defendant City of Austin and the other Defendants in this matter are inextricably intertwined.

10

condemnation claim. We agree that attorney's fees are not available in an inverse condemnation claim, but we believe this argument is a red herring. *See City of Austin v. Travis County Landfill Co.*, 25 S.W.3d 191, 206-07 (Tex. App.–Austin 2000), *rev'd on other grounds*, 73 S.W.3d 234 (Tex. 2002). In this case, Roberson obtained a declaratory judgment to invalidate the easement on his property. This judgment, which was appealed, is separate and distinct from the condemnation award, which was not appealed. Attorney's fees are available in a declaratory judgment suit, and therefore, it is not inequitable or unjust for the trial court to have awarded the fees. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 37.009.

Under the language of the DJA, an award of attorney's fees to the prevailing party is not required. *Id.* ("the court *may* award costs and reasonable and necessary attorney's fees as are equitable and just") (emphasis added). The supreme court has interpreted this language to mean that the decision to award attorney's fees is within the discretion of the district court. *Bocquet v. Herring*, 972 S.W.2d 19, 20 (Tex. 1998) ("[The DJA] provides that the court 'may' award attorney fees. The statute thus affords the trial court a measure of discretion in deciding whether to award attorney fees or not.). The court abuses its discretion if it awards fees which are inequitable or unjust. *Id.* at 21 (explaining that the question of whether fees are equitable and just are matters left to the discretion of the trial court, but whether the fees are reasonable and necessary are jury questions).

"Therefore, in reviewing an attorney fee award under the [DJA], the court of appeals must determine whether the trial court abused its discretion by awarding fees when there was insufficient evidence that the fees were reasonable and necessary, or when the award

11

was inequitable or unjust." *Id.* Unreasonable fees must not be awarded, even if the trial court believes the fees to be just. *Id.* Conversely, the trial court is permitted to deny reasonable attorney's fees if it believes the fees to be unjust. *Id.*

The City argues that the trial court's decision to award $136,227 in attorney's fees to Roberson is inequitable and unjust, and therefore an abuse of discretion. Specifically, the City argues that Roberson's underlying victory at the trial court is on the inverse condemnation claim, and attorney's fees may not be recovered on an inverse condemnation claim. *See Travis County Landfill Co.*, 25 S.W.3d at 206-07. The issue in this appeal, however, is the validity of the attorney's fees awarded by the trial court for the declaratory judgment claim, not for the condemnation claim. The City does not argue that the attorney's fees awarded pursuant to the DJA are inequitable or unjust. We therefore overrule the City's second issue.

## C. Election of Remedies

The City next argues that there are two inconsistent final judgments in this case—the judgment of April 18, 2003, which awarded damages on the grounds of condemnation, and the "Judgment Pursuant to Mandate" of December 21, 2005, which awarded attorney's fees under the DJA. The City argues that the judgments are inconsistent and Roberson is obligated to select only one or the other. We disagree with the City's analysis, and we believe that it misunderstands the nature of the judgments.

In this case, Roberson has obtained a declaratory judgment—earned at the trial court and affirmed by the Austin Court of Appeals—that the City did not possess a valid sewer easement on his property. Additionally, he was awarded attorney's fees pursuant

12

to the DJA. The award of attorney's fees appears on a separate document—namely, the "Judgment Pursuant to Mandate" of December 21, 2005—but it is still a part of the same judgment awarded on April 18, 2003. These two documents are not inconsistent; rather, they are resolutions of the same claim. The first document granted declaratory judgment; the second document granted attorney's fees on that judgment. There is no inconsistency here, and therefore Roberson was not required to make an election of remedies. We overrule the City's third issue.

**D. The City's Waiver of its Objections to Roberson's Proof of Attorney's Fees**

In its final argument, the City argues that it properly objected to Roberson's introduction of fee records prior to the remand hearing as untimely and conclusory. The trial court ruled that the City had waived these objections. We do not reach the issue, however, because the fee records appear to have merely been cumulative of the testimony provided by Roberson's counsel. Thus, even if the City is correct, and the fee records were improperly admitted, the outcome of the hearing would not have been different. *See* TEX. R. APP. P. 44.1(a); *see also Nissan Motor Co. v. Armstrong*, 145 S.W.3d 131, 144 (Tex. 2004) (stating that erroneous admission of evidence is harmless if it is merely cumulative).

In the findings of fact and conclusions of law issued after the remand hearing, the trial court explicitly stated that it considered the original trial testimony of Roberson's counsel. Based on the findings of fact and conclusions of law, it appears that the trial court focused upon the trial testimony, rather than the fee records, which, in any event, merely restated the testimony already provided. Thus, to the extent that the records were

13

improperly admitted, the error was harmless.  *See* Tex. R. App. P. 44.1(a); *Nissan Motor Co.*, 145 S.W.3d at 144.

## III. Conclusion

For the foregoing reasons, we overrule the City's four issues.  The judgment of the trial court is AFFIRMED.

_____
GINA M. BENAVIDES,
Justice

Memorandum Opinion delivered and
filed this the 27th day of March, 2008.

14